ORLANDO CORYELL, d/b/a The Colour Shop, Plaintiff-Appellant, v. THE VILLAGE OF LA GRANGE, Defendant-Appellee.

First District (5th Division)   No. 1—92—1190

Opinion filed March 19, 1993.

Orlando Coryell, of La Grange, appellant *pro se.*

Russell W. Hartigan and Keith A. Mandelski, both of Russell W. Hartigan & Associates, of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiff Orlando Coryell (Coryell) appeals *pro se* from an order dated February 28, 1992, which dismissed three counts of his five-count second amended complaint against the Village of La Grange. Because we find that this court is without jurisdiction to hear the appeal, we dismiss.

According to the record that accompanied this appeal, the Village of La Grange (Village) held public meetings in April and May 1986 at which time the Village discussed its plan to set aside certain areas of the village as conservation and development areas pursuant to the Real Property Tax Increment Allocation Redevelopment Act (Ill. Rev. Stat. 1985, ch. 24, par. 11—74.4—1 *et seq.*). After conducting these public hearings, the Village enacted ordinances in accordance with its plan and then acquired three properties. In 1987 the Village acquired 302 and 304 West Burlington Avenue in La Grange, and in 1988, 306 West Burlington Avenue was acquired.

The buildings on these properties housed four businesses, three of which were operated by the owners of the properties. The fourth business was operated by Coryell, who leased space at 306 West Burlington. There he operated a retail store called "The Colour Shop," where he sold upholstery fabric, paint and wall paper. Be-

cause of the Village's development plan, all of the businesses had to vacate the buildings and relocate. In addition to being paid fair market value for their properties, each of the three business owners/property owners received reimbursement from the Village for relocation expenses they incurred. However, the Village refused to pay Coryell for the costs he incurred as a result of his relocating to another site within the Village of La Grange.

On July 24, 1991, Coryell filed *pro se* a second amended complaint in which he sought reimbursement from the Village of La Grange for his relocation expenses, including the increased costs he incurred for rent at the new location and the cost of advertising the move. In counts I and V of the complaint, plaintiff alleged that the Village's statements at the public hearings constituted a contract to pay relocation costs and that the Village breached the contract, in count II Coryell alleged that an implied contract existed based upon the Village's unjust enrichment, in count III Coryell alleged that the Village arbitrarily discriminated against him, and in count IV he alleged that he detrimentally relied upon representations made by the Village.

The Village moved to dismiss the complaint pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), for failure to state a cause of action. On February 28, 1992, a hearing was held on the Village's motion to dismiss. After hearing argument the trial court stated as follows:

> "THE COURT: I think what I have to do is apply—in applying the facts in a 615 motion.
>
> I'm going to grant it as unjust enrichment—kind of unjust enrichment against the Village. And I'm going to deny the motion on the constitutional argument because that's always an issue in these other set of facts.
>
> And I'll give you the benefit of the 2—615—pleading as a relocation expenses [*sic*] because there's a question of whether or not they're discretionary, whether or not an ordinance is absolutely necessary in this set of facts; so I'll give you the benefit of the court system.
>
> The motion is granted in part, denied in part; transfer to Judge O'Connell for re-assignment to Judge Reid due to the ad damnum is less that [*sic*] 10,000-15,000."

The court also directed that an order be drawn up. This was done, although it is unclear who drafted the order. The order, which was signed by the trial judge, states as follows:

4

"IT IS HEREBY ORDERED:
    Defendant's motion is granted with respect to Counts I,
IV and V and said order is final and appealable.
    Defendant's motion as to Counts II and III is denied.
    The matter is hereby transferred to Judge O'Connell in
Room 2005 instanter, for purposes of reassignment due to
Plaintiff's complaint failing to meet the minimum required ad
damnum."

Plaintiff appeals from this order, alleging that it was error for
the trial court to have dismissed counts I, IV and V of his second
amended complaint. The Village responds, contending that the ap-
peal must be dismissed for several reasons. First, the Village con-
tends that the order entered is inconsistent with the court's oral
ruling on the motion to dismiss. When reading the trial court's oral
ruling in conjunction with plaintiff's complaint, the only count that
was dismissed appears to be count II, which was based upon unjust
enrichment. However, the order indicates that count II still stands
and that counts I, IV and V are dismissed. Disregarding this dis-
crepancy, the Village also argues that the appeal must be dismissed
because the order is nonfinal and nonappealable. The Village points
out that the trial court did not dismiss any counts with prejudice
and did not include Rule 304(a) language in the order. See 134 Ill.
2d R. 304(a).

Before we may address the issues raised by plaintiff, we
must consider the Village's contention that we are without jurisdic-
tion to hear this appeal. Contrary to plaintiff's assertion, we do not
have jurisdiction to hear this appeal pursuant to Supreme Court
Rule 301. (134 Ill. 2d R. 301.) This appellate court has jurisdiction
to entertain an appeal from a judgment which does not dispose of
the entire proceeding only if the judgment order complies with the
mandates of Supreme Court Rule 304(a). (*Arachnid, Inc. v. Beall*
(1991), 210 Ill. App. 3d 1096, 569 N.E.2d 1273.) That rule states
that "an appeal may be taken *from a final judgment* as to one or
more but fewer than all of the parties or claims only *if the trial
court has made an express written finding that there is no just rea-
son for delaying enforcement or appeal.*" (Emphasis added.) 134 Ill.
2d R. 304(a).

The order in this case, by its own terms, dismisses only
three of the five counts brought by plaintiff. Therefore, before this
court acquires jurisdiction it must be clear that the order appealed
from is final and that the trial court has included the requisite writ-
ten finding, making the order appealable pursuant to Supreme

Court Rule 304(a). Coryell may wish to rely solely on the language in the order which indicates that "said order is final and appealable." However, case law is replete with instances where this court has determined an order to be nonfinal and nonappealable despite the trial court's statement to the contrary. Appealability of an order is determined by its substance rather than its form. (*Boonstra v. City of Chicago* (1991), 214 Ill. App. 3d 379, 574 N.E.2d 689.) Consequently, our inquiry is more extensive.

■ First of all, the order being appealed must contain an express finding by the trial court which transforms the otherwise nonappealable order into an appealable one. Recently, our Illinois Supreme Court addressed the question of what express written language was required pursuant to Rule 304(a) to make a final order as to less than all parties or claims appealable. (*In re Application of Du Page County Collector* (1992), 152 Ill. 2d 545, 605 N.E.2d 567.) In *In re Application of Du Page County Collector*, our supreme court held that "where appeal is sought pursuant to Rule 304(a) from a judgment which defeats a claim or is in the nature of a dismissal, the written finding is sufficient only if it refers to appealability." 152 Ill. 2d at 551.

■ The written order in this case merely states that "said order is final and appealable." No request was made at the hearing for a finding pursuant to Supreme Court Rule 304(a), no reference was made to Rule 304(a) in the order and the language tracking Rule 304(a) such as "no just reason for delaying" is not included in the order. Consequently, despite the more relaxed interpretation of the mandates of Rule 304(a) provided by the recent supreme court decision, we believe that the trial court's reference to appealability in the dismissal order in this case is insufficient to satisfy the requirements of Rule 304(a).

However, even if we were to find that the order contained the necessary language, this determination would not resolve the issue of this court's jurisdiction to hear the appeal. Just because an order contains the required language under Rule 304(a) does not make an otherwise nonfinal order appealable. (*Arachnid*, 210 Ill. App. 3d at 1103.) A judgment is final if it disposes of some definite or separate part of the controversy. (*Susman v. Price* (1992), 230 Ill. App. 3d 639, 594 N.E.2d 1332.) Consequently, we must next consider whether the order of dismissal is final.

Generally, the controlling factor in determining whether an order appealed from under Rule 304(a) is final is whether the bases for recovery under the counts that were dismissed are different

from those under the counts left standing. (*Arachnid,* 210 Ill. App. 3d at 1103.) In this case it is difficult if not impossible to determine what causes of action were dismissed and which counts remain. This is because the judgment entered fails to conform to the trial court's rulings at the hearing on the motion to dismiss.

As the Village of La Grange points out, regardless of the written judgment that was entered, a review of the transcript of the trial court's hearing on the motion reveals that the court never actually ruled on counts I, IV and V. The court stated only that it was granting defendant's motion as to the unjust enrichment claim (which appears to be count II of plaintiff's complaint) and denying the motion as to the constitutional claim (which is count III of Coryell's complaint). The trial court was silent as to its findings on counts I, IV and V, all of which are based upon some theory of breach of contract. Nevertheless, the judgment order entered indicates that counts I, IV and V are dismissed and counts II and III are not. This order directly contradicts the trial court's verbal findings.

We think it would be unwise to ignore this discrepancy and rely solely upon the written order, thereby assuming that counts I, IV and V were dismissed by the trial court. First of all, absent any reference to these claims, there is no basis for reviewing the trial court's ruling on these claims. Secondly, it is entirely possible that this discrepancy will resurface in the court below when Coryell attempts to pursue his claim under count II, which deals with unjust enrichment, and which it would appear was actually dismissed by the court below. Consequently, we find that the order at issue here, though it might appear to be a final order on its face, contains certain discrepancies which make it nonfinal. The inconsistency between the judgment entered and the trial court's findings, besides robbing this court of jurisdiction, makes it impossible for us to consider the appeal.

We also note that the order did not dismiss the counts "with prejudice." Although this omission need not be fatal and an order will not be deprived of finality because of this factor alone (see *Boonstra v. City of Chicago* (1991), 214 Ill. App. 3d 379, 385, 574 N.E.2d 689), we find nothing in the trial court's ruling at the hearing which would indicate that the trial court intended the dismissal to be with prejudice or that plaintiff would not be free to resurrect whatever claims were dismissed by filing a third amended complaint. Although no request was made on record for leave to amend, there was also no request made for Rule 304(a) language. In

fact, it would appear that the language "said order is final and appealable" was merely placed in the order by the drafter. Therefore, it is not clear from the record whether the trial court intended to invoke Rule 304(a) and preclude further amendment or not.

For all the reasons stated above, we dismiss the appeal for lack of jurisdiction. The cause is remanded to the trial court for further proceedings consistent with this opinion.

Dismissed and remanded.

McNULTY and COUSINS, JJ., concur.