No. 2--00--0975
 
 
_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

VICTORIA M. MATSON, ) Petition for review of order

       ) 
of Chief Legal Counsel of

Petitioner, ) Department
 of Human
 Rights.

) 

v. ) Charge No. 1998CF2193

)  

THE DEPARTMENT OF HUMAN RIGHTS  ) 

and AMERITECH,  ) 

       
            )
  

     Respondents.
       )
 

________________________________________________________________

JUSTICE RAPP delivered the opinion of the court:

Petitioner, Victoria M. Matson, filed a charge of handicap discrimination with respondent Illinois Department of Human Rights (the Department) against her employer, respondent Ameritech.  The Department issued a notice of dismissal with respect to five of petitioner's nine counts, finding a lack of substantial evidence.  At the same time, the Department issued a notice of substantial evidence with respect to petitioner's four other counts.  The chief legal counsel of the Department affirmed the dismissal of the five counts, and petitioner seeks review of that order.  On appeal, petitioner contends (1) that the dismissal of petitioner's claims was against the manifest weight of the evidence, arbitrary and capricious, and included abuses of discretion; and (2) that the Department's policies and procedures violated petitioner's due process rights.  For the reasons set forth below, we dismiss the appeal.

I. BACKGROUND

In her discrimination charge filed with the Department on March 4, 1998,  petitioner alleged that she was handicapped within the  meaning of section 1--103(I) of the Illinois Human Rights Act (the Act) (775 ILCS 5/1--103(I) (West 1998)) due to trigeminal neuralgia, a painful nerve disorder.  Petitioner alleged that her employer, Ameritech, discriminated against her due to her handicap in the following ways: (A) removed her from the position of marketing support specialist (MSS); (B) failed to promote her to the position of MSS; (C) denied her formal training for the MSS position; (D) harassed her; (E) applied unequal terms of employment to her; (F) failed to accommodate her handicap by denying her intermittent family and medical leave status; (G) denied her a day off due to serious distress; (H) denied her sick pay; and (I) failed to accommodate her handicap by granting her a late starting time.  Ameritech filed a verified response to petitioner's charge, denying the allegations of handicap discrimination.

The Department investigated petitioner's charge, and the investigator submitted a report to the Director of the Department.  Based on the investigator's report, the Director filed a notice of substantial evidence as to counts B, D, E, and I.  The Director also filed a notice of dismissal of counts A, C, F, G, and H due to a lack of substantial evidence.  On December 22, 1999, petitioner filed a request for review of the Director's dismissal of counts A, C, F, G, and H by the chief legal counsel (775 ILCS 5/7--101.1 (West 1998)).  On February 15, 2000, the Department filed a formal complaint with the Illinois Human Rights Commission (Commission), alleging counts B, D, E, and I.

On July 17, 2000, the chief legal counsel sustained the Department's dismissal of counts A, C, F, G, and H.  Petitioner filed a timely petition for direct review of the chief counsel's order (775 ILCS 5/8--111(A)(1) (West 1998)).

II. DISCUSSION

The Act provides a comprehensive scheme to "secure for all individuals within Illinois the freedom from discrimination *** because of *** race, color, religion, sex, national origin, ancestry, age, marital status, physical or mental handicap, military status, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations."  775 ILCS 5/1--102(A) (West 1998).  The Act creates a uniform procedure for the enforcement of its substantive provisions.  
Baker v. Miller
, 159 Ill. 2d 249, 254 (1994).  A brief review of the initial stages of the administrative process is relevant.

First, the complainant files a charge of discrimination with the Department.  775 ILCS 5/7A--102(A)(1) (West 1998).  Next, the Department conducts a full investigation of the allegations set forth in the charge.  775 ILCS 5/7A--102(C)(1) (West 1998).  Once the investigation is complete, the Department investigator submits a written report to the Department Director.  775 ILCS 5/7A--102(D)(1) (West 1998).  Based on the report, the Director determines whether there is "substantial evidence" that a civil rights violation has been committed.  775 ILCS 5/7A--102(D)(2) (West 1998).

If the Director finds substantial evidence of a violation, the Department attempts to conciliate the charge.  775 ILCS 5/7A--102(D)(2)(b) (West 1998).  If that attempt fails, the Department files a formal complaint with the Commission, where the claim is adjudicated before an administrative law judge in a formal hearing.  775 ILCS 5/7A--102(F)(1), (F)(2) (West 1998).  On the other hand, if the Director finds no substantial evidence, and therefore dismisses the charge, the complainant may file a request for review by the Department's chief legal counsel. 775 ILCS 5/7--101.1 (West 1998).

When this appeal was originally briefed, petitioner asserted that this court had jurisdiction to review the order of the chief legal counsel pursuant to Supreme Court Rule 335 (155 Ill. 2d R. 335) and section 8--111(A)(1) of the Act (775 ILCS 5/8--111(A)(1) (West 1998)).  Ameritech and the Department did not dispute this court's jurisdiction.  

 The order appealed from dismissed some but not all of petitioner's claims.  The claims that were not dismissed were filed with the Commission.  In light of our duty to dismiss an appeal where jurisdiction is lacking (see 
Sho-Deen, Inc. v. Michel
, 263 Ill. App. 3d 288, 290 (1994)), we ordered the parties to brief the issue of whether Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) applies to this appeal and, if so, whether this court has jurisdiction to review the chief legal counsel's order.  This is an issue of first impression in this state.  Petitioner and the Department argue that Rule 304(a) is inapplicable to this appeal and therefore this court has jurisdiction to review the chief legal counsel's order.  Ameritech argues that Rule 304(a) applies and therefore jurisdiction is lacking.  We agree with Ameritech.

Section 7--101.1 of the Act provides in pertinent part, "Any final order entered by the Chief Legal Counsel under this Section is appealable in accordance with paragraph (A)(1) of Section 8--111."  775 ILCS 5/7--101.1 (West 1998).  Section 8-111(A)(1) of the Act states:

"Any complainant or respondent may apply for and obtain judicial review of any final order entered under this Act by filing a petition for review in the Appellate Court within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision."  775 ILCS 5/8--111(a)(1) (West 1998).

A decision of the chief legal counsel sustaining a dismissal of a complaint under section 7--101.1(A) is a final order.  
Kalush v. Department of Human Rights Chief Legal Counsel
, 298 Ill. App. 3d 980, 988-89 (1998).  Accordingly, the order appealed from in this case is a final administrative order with respect to the five dismissed counts.  However, the Director concluded that there is substantial evidence to support the other four counts.

Supreme Court Rule 335 (155 Ill. 2d R. 335) establishes the procedures for the direct review of orders of an administrative agency by the appellate court.  Rule 335(i)(1) specifically provides that "Insofar as appropriate, the provisions of Rules 301 through 373 (except for Rule 326) are applicable to proceedings under this rule."  155 Ill. 2d R. 335(i)(1).

Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) governs appeals from final judgments that do not dispose of the entire proceeding and is intended to permit an appeal to be taken before the final disposition of the case only where the circuit court considers an immediate appeal appropriate.  
Seef v. Ingalls Memorial Hospital
, 311 Ill. App. 3d 7, 14 (1999).   Rule 304(a) provides, in relevant part:

"If *** multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the *** claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims * * * is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."  155 Ill. 2d R. 304(a).

The supreme court rules are applicable to proceedings in the circuit courts of this state.  See 134 Ill. 2d R. 1.  Our supreme court has also decided that, "insofar as appropriate," the provisions of Rule 304 are applicable to appeals from administrative agencies.  See 155 Ill. 2d R. 335(i)(1). 

Petitioner argues that it is not appropriate to incorporate Rule 304(a) into Rule 335, as the chief legal counsel does not operate in a manner similar to the circuit courts.  More specifically, petitioner claims that the Department does not act as an adjudicatory body because the Department and the chief legal counsel do not resolve credibility issues or questions of fact.  See 
Marinelli v. Human Rights Comm'n
, 262 Ill. App. 3d 247, 253 (1994).  

We do not believe the fact that the chief legal counsel acts in a nonadjudicatory capacity precludes the application of Rule 304(a) to orders of the chief legal counsel that dismiss some but not all of a petitioner's claims of discrimination.  Rule 304(a) applies when claims are dismissed solely on a legal basis.  For example, a circuit court that dismisses some but not all of the claims in a multicount complaint pursuant to section 2--615 of the Code of Civil Procedure (735 ILCS 5/2--615 (West 1998)) does not resolve credibility issues or questions of fact, because a section 2--615 motion admits the truth of the factual allegations in the complaint.  
Provenzale v. Forister
, 318 Ill. App. 3d 869, 878 (2001).  However, in such a case, the circuit court must find "no just reason to delay appeal" before the appellate court has jurisdiction to review the order dismissing some but not all of the claims.  See 155 Ill. 2d R. 304(a).

The Department argues that it is not appropriate to apply Rule 304(a) to this appeal because the chief legal counsel's order was not "a judgment as to fewer than all of the claims" where only the decision dismissing five of petitioner's nine counts was before the chief legal counsel.  We reject this argument.

Once again, an analogy to a circuit court ruling on a motion to dismiss is instructive.  Where a motion to dismiss seeks the dismissal of some but not all of the counts in a complaint, the circuit court, in ruling on that motion, has before it only some of the counts in the complaint.  In this situation, the appellate court does not have jurisdiction to review the judgment granting that motion without a Rule 304(a) finding by the circuit court.  See 155 Ill. 2d R. 304(a).

Rule 304(a) prevents piecemeal appeals involving fewer than all of the parties or claims, which are to be discouraged.  See 
Waters v. Reingold
, 278 Ill. App. 3d 647, 656 (1996). It is appropriate to allow an appeal where the entire proceeding has not been disposed of when the appeal would have the effect of expediting the resolution of the controversy, would be fair to the parties, and would conserve judicial resources.  
Schal Bovis, Inc. v. Casualty Insurance Co.
, 314 Ill. App. 3d 562, 570 (1999). Whether to grant Rule 304(a) relief is a matter within the sound discretion of the trial court.  
Schal Bovis
, 314 Ill. App. 3d at 570.  

We believe that avoiding piecemeal appeals is just as important when the appeal is from an order of the chief legal counsel under the Act as it is when the appeal is from an order of the circuit court.  Therefore, we hold that Rule 304(a) applies to the order from which this appeal is taken.

The Department stresses the fact that the Department and the Commission are separate administrative agencies with distinct duties and powers and that the chief legal counsel's order was a separate and final administrative decision as to the Department.  This fact does not change our conclusion.  While it is true that the Department and the Commission are separate agencies (see 
Webb v. Lustig
, 298 Ill. App. 3d 695, 703 (1998)), for Rule 304(a) purposes, the whole administrative process dealing with claims of discrimination must be considered one comprehensive scheme.  In this way, the purposes of Rule 304(a) are accomplished and no appeals are taken before the final disposition of the case in the administrative process except where they are deemed appropriate.

Petitioner contends that, even if Rule 304(a) applies to this appeal, the order of the chief legal counsel satisfies the requirements of Rule 304(a).  The order of the chief legal counsel provides in pertinent part:

"This is a final order as to Counts A, C, F, G, and H.  A final order may be appealed to the Appellate Court by filing a petition for review, naming 1) the Chief Legal Counsel, 2) the Department, and 3) Respondent appellees, with the Clerk of the Appellate Court within 35 days after the date of service of this order.  The Department deems "service" complete 5 days after mailing."

Petitioner argues that, where dismissals are at issue, an explicit statement that the order of the case is immediately appealable should be sufficient.  We do not agree.

While it is true that the absence of Rule 304(a)'s precise wording from the order appealed does not conclusively preclude appellate jurisdiction, it must be clear that Rule 304(a) is intended to be invoked.  
In re Application of Du Page County Collector
, 152 Ill. 2d 545, 549-50 (1992).  "[W]here appeal is sought pursuant to Rule 304(a) from a judgment which defeats a claim or is in the nature of a dismissal, the written finding is sufficient only if it refers to appealability."  
Du Page County Collector
, 152 Ill. 2d at 551.  In 
Coryell v. Village of La Grange
, 245 Ill. App. 3d 1 (1993), the court held that Rule 304(a)'s requirements were not satisfied where the order dismissing some but not all of plaintiff's claims merely stated that " 'said order is final and appealable.' "  
Coryell
, 245 Ill. App. 3d at 5.  The court explained that no request was made for a finding pursuant to Rule 304(a), no reference was made to Rule 304(a) in the order, and no language tracking Rule 304(a) was included in the order.  
Coryell
, 245 Ill. App. 3d at 5.

The order appealed from in this case states that it is appealable because it is final, not because the chief legal counsel decided that in her discretion there is no just reason to delay the appeal of the dismissal of five of petitioner's nine claims.  Moreover, there is no indication in the record or in the order that the appeal was sought pursuant to Rule 304(a) or that Rule 304(a) was intended to be invoked.

Rule 304(a) requires the chief legal counsel to determine, in her discretion, whether it is appropriate for the final order disposing of some but not all of petitioner's claims to be immediately appealed rather than waiting until the remainder of petitioner's claims have run their course in the administrative process.  An express finding that "there is no just reason for delaying appeal" assures that the issue was decided in light of fairness to the parties, the conservation of judicial resources, and the expedition of the resolution of the controversy.  See 
Schal Bovis
, 314 Ill. App. 3d at 570.

The chief legal counsel should consider that petitioner will either be successful with her remaining four claims in the proceedings before the Commission or she will not.  In the event petitioner is successful and obtains an acceptable remedy, she may not wish to appeal the dismissal of the five claims by the chief legal counsel.  On the other hand, if petitioner is unsuccessful before the Commission, she may wish to appeal the adjudication of those four claims in addition to the dismissal of the five claims by the chief legal counsel.  It seems to us that one appeal is more efficient than two.  However, these are considerations for the chief legal counsel, not this court.

The Department also argues that there is nothing in the language of the Act that would toll the time for seeking review of the chief legal counsel's decision to dismiss some of petitioner's claims until after the Commission renders a decision as to the remaining claims.  We believe that Rule 304(a) itself is authority for appellate review of the chief legal counsel's order under those circumstances.  Rule 304(a) authorizes review of such an order in the same way it authorizes review of an order of the circuit court, dismissing some but not all claims in a multicount complaint only after the other counts are adjudicated in the circuit court.  

This court lacks jurisdiction to review the chief legal counsel's order because it did not contain an express finding "that there is no just reason for delaying appeal" pursuant to Rule 304(a).  If an order adjudicating fewer than all the claims does not state "that there is no just reason for delaying appeal," the appellate court has no jurisdiction over an appeal from such judgment, and it is proper for the appellate court to dismiss the appeal on its own motion.  See 
Peesel v. Peesel
, 11 Ill. App. 3d 76, 77 (1973).

III. CONCLUSION

For the foregoing reasons, we conclude that this court does not have jurisdiction to review the order of the chief legal counsel of the Department of Human Rights, and we therefore dismiss the appeal.

Appeal dismissed.

BOWMAN and BYRNE
, JJ., concur.