# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***Department of Healthcare & Family Services v. Cortez*, 2012 IL App (2d) 120502**

---

| | |
|---|---|
| Appellate Court Caption | THE DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES and MARGARITA M., Petitioners-Appellees, v. JOSE D. CORTEZ, Respondent-Appellant. |
| District & No. | Second District<br>Docket No. 2-12-0502 |
| Filed | December 7, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an interlocutory appeal from an order that denied respondent's request for the return of his child from California, "denied" his claim for custody of the child, and entered a temporary support order continuing the case for motions regarding support, the appeal was dismissed for lack of jurisdiction as to all issues other than the denial of the claim for the return of the child, which was affirmed in the absence of any basis in the record for a reversal of that decision. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 11-F-136; the Hon. Robert J. Morrow, Judge, presiding. |
| Judgment | Appeal dismissed in part and affirmed in part. |

| Counsel on<br>Appeal | Myrna Smith, of Law Office of Myrna Smith, of Crystal Lake, for appellant. |
|---|---|
| | No brief filed for appellees. |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion.<br>Justices Zenoff and Birkett concurred in the judgment and opinion. |

## OPINION

¶ 1    Respondent, Jose D. Cortez, appeals from the trial court's order dismissing his petition for custody of his minor child, Chantal, and for an order to return Chantal to Illinois. We dismiss in part and affirm in part.

¶ 2                                        I. BACKGROUND

¶ 3    Chantal was born to Martha M. in September 2000. In February 2011, Martha's mother, petitioner Margarita M., who lives in Winton, California, filed a uniform support petition in the circuit court of Kane County, seeking to establish paternity and obtain an order for child support, alleging that Jose was Chantal's father. Margarita also alleged that Chantal had lived with her in California since 2002; Margarita "brought Chantal to live in CA for medical reasons due to weather difference between IL & CA." Martha lived in Rolling Meadows, Illinois. On page two of the "Child Support Enforcement Transmittal #1," Margarita checked the box for "Has Legal Custody/Guardianship of Child(ren);" however, on page three of her general testimony, Margarita did not check the box for "Has legal custody/guardianship of Child" and wrote "NA" next to it.

¶ 4    Jose filed a petition for deoxyribonucleic acid (DNA) testing pursuant to section 11(a) of the Illinois Parentage Act of 1984 (750 ILCS 45/11(a) (West 2010)), alleging that he did not know if he was Chantal's father. Such testing resulted in a 99.99% probability of parentage. The Kane County State's Attorney then sought a hearing on Margarita's petition to establish the existence of the father/child relationship and to set support, including any arrearages. Jose then filed a three-count petition, seeking (count I) an order to immediately return Chantal to Illinois; (count II) custody of Chantal; and (count III) the abatement of child support during the pendency of the proceedings. The Department of Healthcare and Family Services (HFS) was granted leave to file a response to Jose's petition, and it filed a motion to strike Jose's petition. On January 25, 2012, during the briefing period on the petition, the trial court found by a DNA stipulation that Jose was Chantal's father but it also declined to enter a temporary support order. On that same date, Margarita entered a "Special" appearance for the purpose of determining jurisdiction and subsequently requested the court to strike or

deny Jose's petition. On March 30, 2012, after hearing legal argument,[1] the trial court entered a written order denying without explanation Jose's claim for Chantal's immediate return. The trial court also "denied" Jose's claim for custody, finding that the court did "not have jurisdiction over Margarita [M.] for purposes of custody determination at this time." The trial court provided that the "provisions of this order regarding custody is [*sic*] hereby appeallable [*sic*]." The trial court also entered a temporary support order and continued the case for filing of motions regarding support. This interlocutory appeal followed.

¶ 5                                                 II. ANALYSIS

¶ 6          We first note that neither HFS nor Margarita has filed an appellee's brief. However, the issue here can be decided without an appellee's brief, and we will decide the merits of Jose's appeal pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 7          We must address the issue of this court's jurisdiction. We have a duty to consider *sua sponte* whether we have jurisdiction and to dismiss the appeal if we lack jurisdiction. *In re Marriage of Mardjetko*, 369 Ill. App. 3d 934, 935 (2007). In his jurisdictional statement, Jose purports to take this appeal pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 304(a) and (b)(6) (eff. Feb. 26, 2010). However, none of these rules provides a basis for this court's jurisdiction. Rule 301 applies to the "final judgment of a circuit court." Clearly, this case does not involve a final judgment; count III of Jose's petition (seeking to abate child support) and Margarita's support petition, which was the initial pleading in this case, remain before the trial court.

¶ 8          Rule 304(a), while applying to a "final judgment as to one or more but fewer than all of the *** claims," requires "an express written finding" that there is no just reason for delaying appeal. Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). If an order that adjudicates fewer than all the claims does not state that there is no just reason for delaying appeal, this court has no jurisdiction over an appeal from that judgment, and it is proper for this court to dismiss the appeal on our own motion. *Matson v. Department of Human Rights*, 322 Ill. App. 3d 932, 940 (2001). Here, the trial court merely stated that the "provisions of this order regarding custody is [*sic*] hereby appeallable [*sic*]." No reference to Rule 304(a) was made in the order, nor was there even language tracking Rule 304(a), such as "no just reason for delaying" appeal. See *id.* at 939; *Coryell v. Village of La Grange*, 245 Ill. App. 3d 1, 5 (1993). Further, not only was there no express finding pursuant to Rule 304(a), but the order specifically referred only to the appealability of the custody provisions and not to the appealability of the claim for immediate return of the child to Illinois. Thus, Rule 304(a) does not even apply to the issue of Chantal's immediate return.

¶ 9          In addition, while the trial court's order stated that the court "denied" the claim for custody, such a characterization of the disposition is incorrect. As it found that it had no jurisdiction, the trial court could not deny the claim, it could only dismiss it for lack of jurisdiction. A judgment is the final decision of the court resolving the dispute and

_____

[1]The record does not contain a report of proceedings for this hearing.

determining the rights and obligations of the parties. *McDonald v. Health Care Service Corp.*, 2012 IL App (2d) 110779, ¶ 21. A dismissal is defined as the "[t]ermination of an action or claim without further hearing, esp. before the trial of the issues involved." Black's Law Dictionary 502 (8th ed. 2004). An involuntary dismissal for lack of jurisdiction is not an adjudication on the merits. See Ill. S. Ct. R. 273 (eff. Jan. 1, 1967).

¶ 10     A finding of lack of jurisdiction that effectively ends the litigation is final and appealable. *People v. Walker*, 395 Ill. App. 3d 860, 865 (2009). However, unless a dismissal for lack of jurisdiction is otherwise qualified, it is without prejudice (*Sherrod v. Ramaswamy*, 314 Ill. App. 3d 357, 362 (2000)), and an order of dismissal granted without prejudice is not deemed final for purposes of appeal. *Paul H. Schwendener, Inc. v. Jupiter Electric Co.*, 358 Ill. App. 3d 65, 73 (2005). There is nothing in the record to support an argument that the trial court's "denial" of the custody claim was a final order for purposes of Rule 304(a). The trial court's written order specifically stated that the court did "not have jurisdiction over Margarita [M.] for purposes of custody determination *at this time*." (Emphasis added.) "[A]t this time" does not imply, let alone declare, that further attempts at obtaining jurisdiction are foreclosed. Further, the record contains no report of proceedings or bystander's report containing the trial court's findings of fact or explanation of its ruling, if the trial court so provided. Any doubts that may arise from the incompleteness of the record will be resolved against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). Because there is no indication that the trial court dismissed the custody count with prejudice, again, Rule 304(a) is inapplicable.

¶ 11     Finally, Rule 304(b)(6) allows appeal "without the finding required for appeals under paragraph (a)" of Rule 304 from, among other things, a "custody judgment entered pursuant to the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/101 *et seq.*) [(Marriage Act)] or section 14 of the Illinois Parentage Act of 1984 [citation] [(Parentage Act)]." Ill. S. Ct. R. 304 (b)(6) (eff. Feb. 26, 2010). The committee comments to Rule 304 note that the term "custody judgment" refers to "the trial court's permanent determination of custody entered incident to the dissolution of marriage, as distinguished from any temporary or interim orders of custody" under the Marriage Act and to "the order which resolves custody of the subject child" under the Parentage Act. Ill. S. Ct. R. 304, Committee Comments. Clearly, the trial court's order regarding custody in this case was not a "custody judgment" under Rule 304(b)(6). The order, which was called a denial but in reality was a dismissal without prejudice, was not a "permanent determination of custody" and it did not "resolve[ ] custody" of Chantal. Thus, Rule 304(b)(6) is inapplicable. This appeal does not fit within any of Jose's claimed bases for appellate jurisdiction.

¶ 12     However, Illinois Supreme Court Rule 307(a)(1) provides for interlocutory appeals as of right from interlocutory orders of the trial court "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Ill. S. Ct. R. 307(a)(1) (eff. Feb. 26, 2010). Although Jose's claim for Chantal's immediate return to Illinois does not use the term "injunction," we must look to the substance of an action, not its form. See *Stein v. Krislov*, 405 Ill. App. 3d 538, 541 (2010). An injunction is a judicial process whereby a party is required to do, or refrain from doing, a particular thing. *Id.* Jose sought an order requiring Margarita to return Chantal to Illinois; clearly, the substance of this claim was injunctive, and the trial court, by denying the claim, refused to grant the requested injunctive relief.

¶ 13    Further, although the claim was not labeled so, we would consider it a claim for a preliminary injunction, which is described as "a provisional remedy granted to preserve the status quo until the case can be decided on the merits." *Hensley Construction, LLC v. Pulte Home Corp.*, 399 Ill. App. 3d 184, 190 (2010). On the other hand, a permanent injunction, which is not appealable under Rule 307(a)(1), alters the status quo, is of unlimited duration, and adjudicates rights between the interested parties. *Skolnick v. Altheimer & Gray*, 191 Ill. 2d 214, 222 (2000). Here, the claim to return Chantal to Illinois can be read only in context with the petition for custody; it seeks Chantal's return pending a decision on the merits of the custody petition. It cannot be a request for an injunction of unlimited duration; it would make no sense for the court to permanently order Chantal's presence in this state if Jose were not to be granted custody.

¶ 14    In an interlocutory appeal taken pursuant to Rule 307(a)(1), neither controverted facts nor the merits of the case are decided. *Illinois Beta Chapter of Sigma Phi Epsilon Fraternity Alumni Board v. Illinois Institute of Technology*, 409 Ill. App. 3d 228, 231 (2011). The only question before this court is whether there was a sufficient showing in the trial court to affirm the trial court's order. *Id.* We review an interlocutory appeal under an abuse-of-discretion standard. *Id.*

¶ 15    The trial court's order denying Jose's claim merely stated that the claim was denied. Again, the record contains no report of proceedings or bystander's report containing findings of fact or an explanation of the trial court's ruling, if the trial court so provided. Any doubts that may arise from the incompleteness of the record will be resolved against the appellant. *Foutch*, 99 Ill. 2d at 392. We are unable to determine whether a sufficient showing was made in the trial court because Jose did not provide us with a record of the showing that was made. Resolving the doubts arising from the lack of a sufficient record against Jose, we can find no basis to reverse the trial court on this issue.

¶ 16    For these reasons, the appeal is dismissed as to all issues other than the trial court's denial of the claim seeking an order for the immediate return of the minor child to Illinois, which is affirmed.

¶ 17    Appeal dismissed in part and affirmed in part.