2024 IL App (1st) 240040-U

FIRST DISTRICT,
FIRST DIVISION
May 28, 2024

No. 1-24-0040

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

|  |  |  |
|---|---|---|
| CANDACE STADTLER, | ) ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | No. 2019D579074 |
| BRIAN CORLEY, | ) ) ) | Honorable |
| Respondent-Appellee. | ) ) ) ) | Renee Jackson, Judge Presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We dismiss petitioner's appeal of the trial court's order denying petitioner's motion to vacate the name change of minor children for lack of jurisdiction.

¶ 2    Petitioner and biological mother, Candace Stadtler, appeals from an order of the circuit court of Cook County granting the motion of the respondent and biological father, Brian Corley, for a name change of their minor twin children, Ly.S. and Lo.S., and denying petitioner's motion to vacate that order. On appeal, petitioner argues that changing the last names of her daughters to

"Corley" was not necessary to serve their best interests. For the reasons that follow, we dismiss this appeal for lack of jurisdiction.

¶ 3                                    BACKGROUND

¶ 4        On July 12, 2019, petitioner filed a "Petition to Establish Paternity, to Set Child Support, and for Other Relief." Respondent's paternity of Ly.S. and Lo.S. was subsequently established through court-ordered DNA testing. On November 1, 2019, respondent filed a "Motion to Correct Birth Certificates and Change Minor Children's Names Pursuant to 750 ILCS 5/501," requesting *inter alia*, that Ly.S.'s and Lo.S.'s last names be changed from "Stadtler" to "Corley." Petitioner alleged that respondent was unable to show that a name change was in the children's best interest.

¶ 5        On September 16, 2021, an Agreed Order was entered giving the parties an opportunity to file legal memorandums "on the issue of the children's last name[s]." There is no indication in the record that either party filed a memorandum. On October 27, 2021, an "Agreed Temporary Order" was entered addressing several pending issues, including respondent's name change request. The order provided, in relevant part, that "[t]he children's last name[s] shall be changed to Corley and the birth certificate shall be modified in accordance."

¶ 6        On November 9, 2022, respondent filed a "Motion for Entry of Order Changing Names of Minor Children Pursuant to 750 ILCS 45/6." According to respondent's motion, even though ordered on October 27, 2021, "the Orders that have been submitted [by respondent's attorney] have not been entered" by the court. Although the record does not contain a transcript of the November 28, 2022, hearing held on respondent's motion, the parties have submitted an Agreed Statement of Facts[1] for this court's consideration on appeal.

_____

[1] Respondent inexplicably asserts that petitioner "has not provided this court with *** an agreed statement of facts of the proceedings in the trial court." An Agreed Statement of Facts was filed in this court on February 28, 2024, nearly two months before respondent's brief.

¶ 7        Petitioner and respondent had a sexual relationship resulting in the birth of Ly.S. and Lo.S. on March 22, 2019, but were never married. At birth, the children were given the last name "Stadtler," which was petitioner's married name from her marriage to Daniel Stadtler. Even after petitioner's divorce from Daniel, the children's last names were not changed. Ly.S. and Lo.S. have three older half-brothers from petitioner's previous marriage, all of whom bear the last name Stadtler. Ly.S. and Lo.S. have two younger half-brothers from respondent's marriage, who both bear the last name Corley.

¶ 8        At the conclusion of the November 28, 2022, hearing, the trial judge orally ruled that the last name of the children be changed to Corley, stating that "she did not think it appropriate that the children's name was the same last name as [petitioner]'s former husband." The judge also stated that "it was her belief that children should have the same name as their biological father." On May 8, 2023, the trial court issued a written order changing the children's last names, which the court backdated to November 28, 2022, before entering.

¶ 9        On June 5, 2023, petitioner filed a motion to vacate the name change order. Petitioner argued, *inter alia*, that respondent failed to present "any evidence" that the name changes were justified, and that the Court's belief that the children should have the same last name as their biological father instead of their mother's ex-husband is "not enough to meet the standard of necessary for the children's best interests."

¶ 10       On December 7, 2023, the trial court denied petitioner's motion to vacate the name change order. The order included language that, "This is a final and appealable order as to the issue of the Motion to Vacate the Name Change Order."

¶ 11                                    ANALYSIS

¶ 12        On appeal, petitioner argues that the trial court erred in denying her motion to vacate the name change orders entered on November 28, 2022. Respondent contends that this court lacks jurisdiction to consider petitioner's appeal because "proceedings continue in the trial court concerning other matters" and therefore the judgment is not final.

¶ 13                                Jurisdiction

¶ 14        This court has an independent duty to consider the issue of jurisdiction and dismiss an appeal where our jurisdiction is lacking. *Palmolive Tower Condominiums, LLC v. Simon*, 409 Ill. App. 3d 539, 542 (2011). "Our jurisdiction is limited to review of appeals from final judgments, unless otherwise permitted under the Illinois Supreme Court rules or by statute." *Inland Commercial Property Management, Inc. v. HOB I Holding Corp.*, 2015 IL App (1st) 141051, ¶ 17. The appellant bears the burden of establishing jurisdiction. *U.S. Bank National Ass'n v. In Retail Fund Algonquin Commons, LLC*, 2013 IL App (2d) 130213, ¶ 14 (citing Ill. S. Ct. R. 341(h)(4) (eff. Oct. 1, 2020)).

¶ 15        Petitioner initially argues this court has jurisdiction pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). That rule provides, in pertinent part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or

appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." *Id.* Petitioner asserts that language indicating that the December 7, 2023, order was "final and appealable *** as to the issue of the Motion to Vacate the Name Change Order" was sufficient to meet the requirements of Rule 304(a).

¶ 16        Because "proceedings continue in the trial court concerning other matters," and the trial court did not make an "express written finding that there is no just reason for delaying either enforcement or appeal or both," respondent maintains that the requirements of Rule 304 were not satisfied. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). We agree.

¶ 17        Although reviewing courts allow "some leeway in the language that a trial court may use to invoke Rule 304(a), the record must include *some indication* that the trial court's intent was to invoke that rule." (Emphasis added.) *Gateway Auto Inc. v. Commercial Pallet, Inc.*, 2023 IL App (1st) 230185, ¶ 25. This requirement "promotes the rationale underlying Rule 304(a), which is to limit piecemeal appeals but allow for an early appeal when the trial court finds in its discretion that doing so would expedite resolution of the controversy, be fair to all parties, and conserve judicial resources." *Id.* (citing *Palmolive Tower*, 409 Ill. App. 3d at 544). Accordingly, "a circuit court's declaration that an order is 'final and appealable,' without reference to the justness of delay, or even reference to immediate appealability, evinces no application of the discretion Rule 304(a) contemplates." *Palmolive Tower*, 409 Ill. App. 3d at 544 (citing *Matson v. Department of Human Rights*, 322 Ill. App. 3d 932, 939 (2001)). "For these reasons, a circuit court order accompanied by language indicating that it is 'final and appealable,' but not referencing immediate appeal, the justness of delay, or Rule 304(a), does not trigger the rule." *Id.* See also *Coryell v. Village of La Grange*, 245 Ill. App. 3d 1, 4 (1993) ("[B]efore this court acquires jurisdiction it must be clear that

the order appealed from is final and that the trial court has included the requisite written finding, making the order appealable pursuant to Supreme Court Rule 304(a). [Plaintiff] may wish to rely solely on the language in the order which indicates that 'said order is final and appealable.' However, case law is replete with instances where this court has determined an order to be nonfinal and nonappealable despite the trial court's statement to the contrary. Appealability of an order is determined by its substance rather than its form.").

¶ 18        This principle controls the question of our jurisdiction. The parties agree that "this case is still proceeding on other matters," including child support obligations. The trial court's finding that denying petitioner's motion to vacate the name change was a "final and appealable order" contains "none of the hallmark language that would suggest to us that the trial court was intending in its considered discretion to permit an early appeal under Rule 304(a)." *Gateway Auto Inc.*, 2023 IL App (1st) 230185 ¶ 28. "[A]bsent some other indication from the record that the court intended to invoke Rule 304(a)" the court's declaration "amounts to nothing more than a non-binding interpretation." *Palmolive Tower*, 409 Ill. App. 3d at 544. Since there was no reference to immediate appealability, the justness of delay, or Rule 304(a) itself in the order, language that it was "final and appealable" was insufficient to confer jurisdiction pursuant to Rule 304(a).

¶ 19        In her reply brief, petitioner contends for the first time that this court has jurisdiction over this appeal as a "custody or allocation of parental responsibilities judgment or modification of such judgment under Supreme Court Rule 304(b)(6), which allows for expedited interlocutory appeals in such cases "without the finding required under paragraph (a) of this rule." Ill. S. Ct. R. 304(b)(6) (eff. March 8, 2016).

¶ 20        Relying on *In re R.J.*, 2022 IL App (1st) 211542, ¶ 24, in which this court recognized that appellate jurisdiction in family law settings can be "a difficult question," petitioner argues that

name change orders should be "immediately appealable." However, name change petitions were not among the types of matters that the *R.J.* court suggested may be immediately appealable. *Id.* By way of example, the court noted that Rule 304(b)(6) allows for the immediate appealability of judgments involving "custody or allocation of parental responsibilities *** or modification of such judgment"; Rule 306(a)(5) (eff. Oct. 1, 2020) allows for interlocutory review of orders "affecting the care and custody of or the allocation of parental responsibilities for unemancipated minors or the relocation *** of unemancipated minors"; and Rule 307(a)(6) (eff. Nov. 1, 2017) permits the immediate review of interlocutory orders "terminating parental rights or granting, denying or revoking temporary commitment in adoption proceedings." See *In re R.J.*, 2022 IL App (1st) 212542, ¶ 24. As name changes do not fall within any of these categories, petitioner's reliance on *R.J.* is misplaced.

¶ 21        Rule 304 requires that every appeal under the rule must involve a "final" judgment. See Ill. S. Ct. R. 304(a). ("If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a *final judgment* as to one or more but fewer than all of the parties or claims ***." (Emphasis added.)). However, the fact that an order is "final" cannot be the controlling factor in whether it is appealable under the rule where multiple claims are involved in the action. See *Gateway Auto Inc.*, 2023 IL App (1st) 230185, ¶ 31. Instead, "for appellate jurisdiction to exist [under Rule 304(a)], there must be some indication in the record that the trial court intended in its discretion to invoke the rule and allow an early appeal." *Id.* (citing *Palmolive Tower*, 409 Ill. App. 3d at 544). Since the order at issue in this case contains no indication that the trial court intended to invoke Rule 304(a), this appeal is premature.

¶ 22                                                CONCLUSION

¶ 23        For the foregoing reasons, this appeal is dismissed for lack of jurisdiction.

¶ 24  Appeal dismissed.