2025 IL App (1st) 241596-U

Order filed: June 5, 2025

FIRST DISTRICT
FOURTH DIVISION

No. 1-24-1596

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| JAMIE DELGADO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 CH 04728 |
| | ) | |
| TOMAS MENA, | ) | Honorable |
| | ) | Michael F. Otto, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Lyle and Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held:*  We dismiss this appeal for lack of appellate jurisdiction where plaintiff's motion for leave to file a late notice of appeal was untimely filed.

¶ 2    Plaintiff, Jamie Delgado, appeals *pro se* from the circuit court's order dismissing his action for failure to file it within the applicable statute of limitations. On appeal plaintiff asks this court to reverse the dismissal order and remand the matter for further proceedings. We dismiss the appeal for lack of appellate jurisdiction, as plaintiff's motion for leave to file a late notice of appeal was untimely.

¶ 3    On September 1, 2023, plaintiff, *pro se*, filed an initial complaint against solely State Farm Insurance alleging that his vehicle was damaged on October 4, 2021, when it was rear-ended by a

vehicle driven by defendant, Tomas Mena, an insured of State Farm. On November 1, 2023, the circuit court entered an order granting plaintiff leave to file an amended complaint in that the initial complaint did not "state a claim for relief recognized under Illinois law" (see *Zegar v. Sears Roebuck & Co.*, 211 Ill. App. 3d 1025, 1027 (1991) ("In Illinois, direct actions against insurance companies are against public policy.")). On December 7, 2024, plaintiff filed an amended complaint only naming defendant and alleging that defendant was negligent for striking the rear of plaintiff's vehicle.

¶ 4 On February 14, 2024, defendant filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (Code) 735 ILCS 5/2-615 (West 2022). Defendant argued that State Farm was not a proper party to a direct action and that the amended complaint failed to name defendant within the applicable statute of limitations. Plaintiff filed a response.

¶ 5 On April 18, 2024, the circuit court held a hearing. Plaintiff did not appear; defendant's counsel was present. That same day, the circuit court entered an order granting defendant's motion (dismissal order). In the dismissal order, the court stated that "the case is dismissed" and that it was "a final and appealable order under S. Ct. Rule 304(a) [(Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016))]". That same day, plaintiff filed a motion to vacate the dismissal order. On May 10, 2024, the circuit court denied plaintiff's motion to vacate and noted that the order was final and appealable under Rule 304(a).

¶ 6 On July 8, 2024, plaintiff filed, in the circuit court, a motion for leave to file a late notice of appeal. On July 22, 2024, the circuit court entered an order striking plaintiff's motion without prejudice to plaintiff refiling the motion in the appellate court.

¶ 7 On August 7, 2024, plaintiff filed, in the appellate court, a motion for leave to file a late notice of appeal. Attached to plaintiff's motion was a form notice of appeal listing "6-10-24" as

the date of the order or judgment he wished to appeal. As for relief, plaintiff checked the box requesting that this court "reverse the trial court's judgment" and the box "other" and wrote in "grant the late notice of appeal." On August 13, 2024, based on defendant's representation that he was appealing an order entered on June 10, 2024, we granted the motion for leave to file a late notice of appeal.

¶ 8    As a preliminary matter, we have an independent duty to consider whether we have jurisdiction and to dismiss an appeal where there is lack of appellate jurisdiction. *Williams Montgomery & John Ltd. v. Broaddus*, 2017 IL App (1st) 161063, ¶ 32

¶ 9    Our jurisdiction is limited to review of appeals from final judgments unless otherwise permitted under Illinois Supreme Court rules or by statute. *Indland Commercial Property Management, Inc. v. HOB I Holding Corp.*, 2015 IL App (1st) 141051, ¶ 17. Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) allows appeals from final judgments as a matter of right. Rule 304(a) permits an appeal to be taken before the final disposition of the case where the circuit court considers immediate appeal appropriate. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016); *Matson*, 322 Ill. App. 3d 932, 937 (2001).

¶ 10    Plaintiff did not include a statement of jurisdiction in his opening brief and therefore did not assert the jurisdictional basis for his appeal and the applicable rules. The circuit court referred to Rule 304(a) in its orders dismissing the amended complaint and denying the motion to vacate the dismissal. However, by filing the amended complaint and naming only defendant and omitting State Farm, the original complaint was effectively abandoned or withdrawn and ceases to be part of the record for most purposes. See *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 154 (1983) (quoting *Bowman v. County of Lake*, 29 Ill. 2d 268, 272 (1963) (" 'Where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier

pleading ceases to be part of the record for most purposes, being in effect abandoned and withdrawn' "). Therefore, dismissal of the amended complaint left no claim pending and was a final and appealable order under Rule 301.

¶ 11    Illinois Supreme Court Rule 303(b)(2) (eff. Jul. 1, 2017) provides that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." A notice of appeal confers jurisdiction on this court "to consider only the judgment or parts of judgments specified in the notice of appeal." *General Motors Corporation v. Pappas*, 242 Ill. 2d 163, 176 (2011). A notice of appeal is to be liberally construed. *Burtell v. First Charter Service Corporation*, 76 Ill 427, 433 (1979). "Unless the appellee is prejudiced thereby, the absence of strict technical compliance with the form of the notice is not fatal, and where the deficiency in the notice is one of form only, and not of substance, the appellate court is not deprived of jurisdiction." *Id.* at 434.

¶ 12    Here, plaintiff's notice of appeal indicates that he is seeking review of an order dated "6-10-24." There was no order, final or otherwise, dated June 10, 2024. However, the court's written order denying plaintiff's motion to vacate the April 18, 2024 order dismissing the complaint was dated May 10, 2024. In liberally construing plaintiff's notice of appeal, we could find that plaintiff mistakenly provided the wrong month and actually sought to appeal the May 10, 2024 order. See *People v. Hayes*, 2022 IL App (1st) 190881-B (upholding our jurisdiction where the notice of appeal had an incorrect judgment date). Defendant would not be prejudiced by this reading of the notice of appeal where he did not oppose plaintiff's motion for leave to file a late notice of appeal or challenge the notice of appeal when it was filed and has filed a brief responding to plaintiff's arguments without raising a jurisdictional challenge. However, construing the notice of appeal in this way, raises the question of whether plaintiff's motion to file a late notice of appeal was timely.

¶ 13    Rule 303(a)(1) requires a notice of appeal to be filed with the circuit court within 30 days of the entry of a final judgment appealed from or if a timely postjudgment motion against the judgment is filed, within 30 days from the entry of the order disposing of the last postjudgment motion. Ill. S. Ct. R. 303(a)(1) (eff. Jul. 1, 2017). Rule 303(d) provides that if a party fails to file a timely notice of appeal, this court may grant leave to appeal "[o]n motion supported by a showing of reasonable excuse for failure to file a notice of appeal on time, ***, filed in the reviewing court within 30 days after expiration of the time for filing the notice of appeal." Ill. S. Ct. R. 303(d) (eff. Jul. 1, 2017). We "do[] not have the authority to excuse the filing requirements of the supreme court rules governing appeals." *Secura Insurance Co. v. Illinois Farmers Insurance C.*, 232 Ill. 2d 209, 217-218 (2009). We have no jurisdiction over untimely filed appeals. See *Waukegan Hospitality Group, LLC v. Stretch's Sports Bar & Grill Corp.*, 2024 IL 129277, ¶¶ 14, 26.

¶ 14    The circuit court granted defendant's motion to dismiss plaintiff's amended complaint, which was a final and appealable order, on April 18, 2024. Plaintiff filed a timely postjudgment motion directed against the judgment, which was denied on May 10, 2024. Plaintiff therefore had 30 days after May 10, 2024 to file his notice of appeal in the circuit court, June 10, 2024 (see 5 ILCS 70/1.11 (West 2022) ("time within with any act provided by law is to be done shall be computed excluding the first day and including the last, unless the last day is *** Sunday *** it shall be excluded"). Plaintiff failed to file a notice of appeal by June 10, 2024, and therefore had 30 days from June 10, 2024 to file a motion for leave to file a late notice of appeal in *this court*, July 10, 2024. Plaintiff did file a motion for leave to file a late notice of appeal in the circuit court on July 8, 2024. He did not file a motion for leave to file a late notice of appeal in this court until August 7, 2024. Although we granted defendant's motion for leave to file a late notice of appeal based on defendant's representation of the date of the order he was appealing, we have determined

that we lacked jurisdiction to do so. See *Gaynor v. Walsh*, 219 Ill. App. 3d 996, 1004 (1991) (finding that this court lacked the power to grant a motion for leave to file a late notice of appeal after the time for filing such a motion had expired).

¶ 15    In conclusion, because the motion to file a late notice of appeal was untimely, we were without jurisdiction to grant the motion and therefore plaintiff failed to file a timely notice of appeal. Accordingly, this appeal is dismissed for lack of appellate jurisdiction.

¶ 16    Dismissed.