2020 IL App (1st) 190655-U

SIXTH DIVISION
March 20, 2020

No. 1-19-0655

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| ANGELA WILLIAMS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 17 D 679014 |
| | ) | |
| ALBERT THOMAS, | ) | |
| | ) | Honorable Frederick Bates, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CONNORS delivered the judgment of the court.
Justices Cunningham and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held:*  Appellate court did not have jurisdiction to review allocation judgment; due to insufficient record, appellate court would presume child support order was correct; child support order affirmed.

¶ 2    Defendant, Albert Thomas, appeals *pro se* from orders entered by the circuit court that allocated parental responsibilities and ordered defendant to pay a certain amount in child support. On appeal, defendant contends that the allocation judgment should consider the mental health of plaintiff, Angela Williams, and the amount that he was ordered to pay in child support should be recalculated

with additional information from Angela. We do not have jurisdiction to review defendant's challenge to the allocation judgment and we cannot review the child support order because the record is insufficient. Accordingly, we affirm the child support order.

¶ 3    The record does not contain any reports of proceedings or transcripts, but the common law record reveals the following background. On January 13, 2017, Angela filed a petition to establish parentage and for child support and other relief. The petition alleged that Albert and Angela had two children together, who had primarily lived with Angela since they were born. Angela sought a judgment establishing the existence of a father-child relationship between Albert and the children and an order requiring Albert to pay Angela child support in an amount equal to 28% of his net income from all sources.

¶ 4    On June 1, 2017, the court entered a temporary order finding in part that Albert was the children's biological father. The order also provided for Albert to have parenting time on Sunday afternoons and stated that Albert must pay Angela $50 in child support each week. The parties were ordered to exchange financial affidavits and their respective proposed allocation judgment within 28 days.

¶ 5    After further court dates, on August 23, 2018, the parties were again ordered to exchange a proposed parenting plan. Angela was ordered to bring her 2017 taxes and proof of all income received in 2018, and Albert was ordered to bring his last six check stubs and his 2016 taxes.

¶ 6    On October 31, 2018, the court entered an allocation judgment that detailed the allocation of parental responsibilities and a parenting plan. The order stated that the parties agreed to the terms of the allocation judgment.

¶ 7    On November 19, 2018, the court entered an order requiring the parties to exchange any and all tax returns for 2017 and 2018, W-2 forms, and their five most recent pay stubs, among other items. A hearing on child support was set for January 17, 2019.

¶ 8    On November 26, 2018, Albert filed a motion to reconsider the allocation judgment dated October 31, 2018. Albert disputed that he had agreed with the parenting time schedule. Albert also stated that he was never allowed to present his case and not all the relevant facts were considered.

¶ 9    After a hearing, the court entered a child support order on January 17, 2019, that stated as follows. Albert earned 59.21% of the income and Angela earned 40.79% of the income. Under the statutory guidelines, Albert would have been required to make biweekly payments of $424.15. Albert had requested a deviation to biweekly payments of $300. Having "heard testimony from both parties and reviewed the evidence presented," the hearing officer recommended a "slight deviation" to biweekly payments of $400. Neither party had tendered all of the required documentation. Angela did not bring in all of her tax returns, including returns for her rental properties, but testified that she did not earn any income from these properties in 2017 or 2018. The hearing officer was concerned about the lack of documentation for the rental properties. Ultimately, the hearing officer averaged Angela's 2017 personal tax return and her last pay stub from 2018. Meanwhile, Albert's income was based on a September 7, 2018, paycheck. Albert testified that he paid $500 per month to support his other minor children, although he did not have proof of this. While the hearing officer found it credible that Albert was supporting his other children, he was not persuaded that Albert paid $500 per month. "Considering all of the above," the hearing officer found that biweekly payments of $400 were a fair and reasonable amount of child support. The hearing officer further noted that Albert was credited for the cost of dependent medical coverage.

¶ 10    The court entered an additional order on January 17, 2019, that addressed Albert's motion to reconsider the allocation judgment. The allocation judgment was to stand and would be changed as follows: Angela was to provide Albert with a basketball season schedule, Albert was allowed to pick up the children from school, Albert was to have access to all medical, school, and extracurricular activities, Albert was to have parenting time on certain school holidays, and the specific hours of Albert's parenting time were changed. Angela was ordered to draft an allocation judgment that comported with the above order and present it to the court at a later date.

¶ 11    On February 4, 2019, Albert filed a motion to reconsider and stay the child support order. Albert asserted that Angela did not submit proper tax returns and misled the court as to income she received from rental property. Albert requested that the court stay the child support order until it received the appropriate documents from Angela and Albert was allowed to verify her income.

¶ 12    On February 20, 2019, the court denied Albert's motion to reconsider and stay the child support order. The order stated, "This matter is off call."

¶ 13    On February 25, 2019, Albert filed a motion for contempt, asserting that Angela was interfering with Albert's parenting time, not allowing the children to call him, and disobeying a first right of refusal provision. On March 14, 2019, the court entered and continued Albert's motion for contempt and *sua sponte* directed Angela's attorney to prepare an allocation judgment that conformed to the court's order of January 17, 2019.

¶ 14    On March 22, 2019, Albert filed a notice of appeal stating that he was appealing the court's order dated February 20, 2019. Albert further explained the relief he sought:

> "That Ms. Williams['s] rental income be included in the calculation of her wage to correctly determine child support payment. Child support was [determined] without including all Ms. Williams['s] income."

¶ 15     On May 6, 2019, the court denied Albert's motion for contempt. The court found that Angela's actions were not contumacious and admonished both parties that certain actions would lead to contempt of court. The court also ordered Angela to provide a revised allocation judgment that comported with the court's order of January 17, 2019.

¶ 16     On appeal, Albert contends that in allocating parenting time, the court abused its discretion by refusing to consider Angela's mental state. Albert also challenges the child support order, arguing that Angela has refused to provide various documents. Albert further asserts that the court did not demand or use all incomes and did not state any reasons for deviating from the statutory guidelines.

¶ 17     We first note that Angela has not filed an appellee's brief and on the court's own motion, this case was taken for consideration on the record and Albert's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (where the record is simple and the claimed errors can be easily decided without an appellee's brief, this court will consider the appeal).

¶ 18     As a second preliminary note, Albert's *pro se* status does not excuse him from complying as nearly as possible with the Illinois Supreme Court Rules for practice before this court. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. Albert's brief does not meet several requirements of Illinois Supreme Court Rule 341(eff. May 25, 2018). Among other deficiencies, the brief does not include a statement of jurisdiction or any citations to the record, and the statement of facts contains argument and comment. We caution Albert that we may dismiss an appeal if an appellant does not meet the requirements of Rule 341. *In re Marriage of Sanchez & Sanchez-Ortega*, 2018 IL App (1st) 171075, ¶ 31. While we do not dismiss the appeal for that reason, we are unable to review the substance of Albert's arguments due to a lack of jurisdiction and an insufficient record.

¶ 19 The jurisdiction issue applies to Albert's challenge to the allocation judgment. This court has a duty to determine if we have jurisdiction and an appeal must be dismissed where jurisdiction is lacking. *Id.* ¶ 20. Albert's notice of appeal did not mention the allocation judgment entered on October 31, 2018. The filing of a notice of appeal is the jurisdictional step that initiates appellate review (*In re Estate of York*, 2015 IL App (1st) 132830, ¶ 32), and informs the prevailing party that the unsuccessful party has requested review of a judgment and is seeking relief from it (*In re F.S.*, 347 Ill. App. 3d 55, 68 (2004)). Illinois Supreme Court Rule 303(b)(2) (eff. July 1, 2017) provides that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Albert's notice of appeal stated that he was appealing the order entered February 20, 2019, which denied his motion to reconsider and stay the child support order. The notice of appeal stated that Albert's requested relief was that the child support payment be correctly calculated. Although a notice of appeal is to be liberally construed, if the appellant does not designate an order he is appealing from in the notice of appeal, this court cannot consider that order on review. *McGath v. Price*, 342 Ill. App. 3d 19, 31 (2003). Thus, we cannot consider the challenge to the allocation judgment because it was not included in the notice of appeal.

¶ 20 For completeness, we recognize that it is possible for a notice of appeal to confer jurisdiction on an order not expressly mentioned in the notice of appeal, if that order was "a step in the procedural progression leading" to the judgment that was specified in the notice of appeal. (Internal quotation marks omitted.) *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 23. The allocation judgment was not a step that led to the child support order. An allocation judgment is a final, independently appealable order under Illinois Supreme Court Rule 304(b)(6) (eff. Mar. 8, 2016), which must be appealed, if at all, within 30 days after the entry of the order disposing of

the last pending motion directed against that judgment. See *In re Marriage of Harris*, 2015 IL App (2d) 140616, ¶ 14. Further, Albert did not remedy his failure to properly appeal the allocation judgment by addressing it in his appellate brief. See *In re Estate of York*, 2015 IL App (1st) 132830, ¶ 39. We will not address Albert's challenge to the allocation judgment.

¶ 21    Moreover, we cannot review Albert's challenge to the child support order because the record is insufficient. A child support order is the product of multiple considerations. The Illinois Parentage Act of 2015 directs courts to use certain guidelines to determine child support based on the number of children and a percentage of the supporting party's income. See 750 ILCS 46/801(a) (West 2016); 750 ILCS 5/505(a) (West 2016). A court may deviate from those guidelines "after considering the best interest of the child in light of the evidence," which includes a number of factors: the financial resources and needs of the child, the financial resources and needs of the parents, and the child's physical, mental, emotional, and educational needs. 750 ILCS 5/505(a)(2) (West 2016). A court's deviation from the guidelines must be accompanied by a statement of the amount that would have been required under the guidelines and the reason for the deviation. 750 ILCS 5/505(a)(2) (West 2016). Moreover, "[i]f net income cannot be determined because of default or any other reason, the court shall order support in an amount considered reasonable in the particular case." 750 ILCS 5/505(a)(5) (West 2016). Overall, child support is a matter within the sound discretion of the trial court and this court will not disturb the trial court's determination without an abuse of discretion. *In re Marriage of Berberet*, 2012 IL App (4th) 110749, ¶ 37.

¶ 22    Contrary to Albert's assertion in his brief, the court's written child support order included the reason that the court deviated from the statutory guidelines. Still, we cannot assess whether the trial court abused its discretion because we do not have a complete record of what the trial court considered. The record does not contain a transcript, report of proceedings, a bystander's report,

or an agreed statement of facts for the child support hearing. See Ill. S. Ct. R. 323 (eff. July 1, 2017). The record also does not contain the evidence that was presented to the trial court, including financial information and other information relevant to the factors discussed above. As the appellant, Albert had "the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Any doubts that arise from the incompleteness of the record are resolved against Albert. *Id.* at 392. Without the evidence and arguments that were presented to the trial court, we cannot determine whether the trial court abused its discretion. Instead, we presume that the trial court heard adequate evidence to support its decision and that the child support order was supported by law. *Webster v. Hartman*, 195 Ill. 2d 426, 433-34 (2001).

¶ 23    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 24    Affirmed.