# Illinois Official Reports

## Appellate Court

---

*In re Marriage of Harris*, 2015 IL App (2d) 140616

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF ALAN HARRIS, Petitioner and Counterrespondent-Appellee, and HEATHER HARRIS, n/k/a Heather McNabb, Respondent and Counterpetitioner-Appellant. |
| District & No. | Second District<br>Docket No. 2-14-0616 |
| Filed | June 29, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 12-D-1164; the Hon. Kathryn D. Karayannis, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Randy K. Johnson, of Law Office of Randy K. Johnson, of West Dundee, for appellant.<br><br>No brief filed for appellee. |

JUSTICE ZENOFF delivered the judgment of the court, with opinion. Justices McLaren and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1        Heather Harris, n/k/a Heather McNabb, the respondent and counterpetitioner in this dissolution-of-marriage case, appeals after the court denied as untimely her motion to reconsider an order awarding custody of the couple's child to Alan Harris, the petitioner and counterrespondent. Heather filed her motion within 30 days of the order's entry and before the court entered the final dissolution judgment. Because the relevant final and appealable order under Illinois Supreme Court Rule 304(b)(6) (eff. Feb. 26, 2010) was the predissolution order that finally determined child custody, of which Heather timely sought reconsideration, we reverse the ruling that the motion was untimely and remand the matter for its proper consideration.

¶ 2                                    I. BACKGROUND

¶ 3        On August 10, 2012, Alan filed a petition seeking the dissolution of his marriage to Heather. The parties had one child, born May 7, 2011. Alan sought permanent and temporary custody of the child. Heather filed a response and a counterpetition. She sought custody of the child in both.

¶ 4        The contested matters were tried over the course of several days from July to November 2013. On November 20, 2013, the court gave an oral ruling as to most matters and asked counsel for Alan to "prepare an order, a judgment, to conform with [its] ruling." It ruled on most of the financial issues, but postponed ruling on the division of guardian *ad litem* fees. It discussed the factors relevant to its custody determination at length, ultimately granting full custody to Alan. It asked the parties to work out certain details of changing residences and visitation, but ordered that the transition of custody start immediately.

¶ 5        On November 25, 2013, the court entered a written order conforming to the November 20 oral ruling; the order provided that "[u]ntil the Judgment of Dissolution of Marriage is entered, the parties will be bound by the terms in this order." It further provided for a transition for the child starting on November 20, 2013. Finally, it provided that Alan's attorney would draft a dissolution judgment conforming to the written and oral orders, with any disputed terms to be resolved on December 9, 2013.

¶ 6        On December 9, 2013, Heather filed a written motion for reconsideration of the "oral judgment entered on November 20, 2013." She argued that the court had not given proper weight to factors including, for instance, the closeness of her relationship with the child. She asked that the court grant custody to her.

¶ 7        On December 18, 2013, the court entered a judgment for dissolution of marriage. Alan received permanent sole custody of the child.

¶ 8        Also on December 18, 2013, the court set a date of January 29, 2014, for a hearing on "Defendant's Motion to Reconsider." Alan filed a response to the motion on January 8, 2014. Heather filed an "Addendum/Supplement to [the] Motion to Reconsider."

¶ 9     On April 16, 2014, the court ordered the parties to brief the issue of whether Heather had filed a timely postjudgment motion. On May 23, 2014, the court entered an order in which it concluded that there was no proper postjudgment motion. It described the order of November 25, 2013, as a "temporary" one and ruled that Heather's motion to reconsider had not been constructively refiled after the court entered the dissolution judgment. On June 20, 2014, Heather filed a notice of appeal.

¶ 10                                   II. ANALYSIS

¶ 11    On appeal, Heather argues that the trial court improperly ruled that her motion to reconsider was premature and asks us to vacate the ruling and remand the matter for consideration of her motion on its merits. Citing *In re Estate of Pellico*, 394 Ill. App. 3d 1052, 1065-67 (2009), she asserts that her appeal is timely because this court always has "jurisdiction to review a circuit court's dismissal for lack of jurisdiction." Alan has not filed an appellate brief. However, as the merits of the appeal are simple, we may reach them. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 12    We first address the issue of our own jurisdiction. We conclude that we have jurisdiction, but not for the reason that Heather sets out. We further conclude that the question of whether we have jurisdiction is inseparable from the question of the timeliness of Heather's motion to reconsider, so that by resolving the issue of jurisdiction we resolve the whole of the appeal. We note our duty to address whether we have jurisdiction even when no party raises the issue. *E.g.*, *Department of Healthcare & Family Services v. Cortez*, 2012 IL App (2d) 120502, ¶ 7.

¶ 13    The authority that Heather cites that recognizes our authority to review a lack-of-jurisdiction-based dismissal of an initial pleading does not address our authority to review a lack-of-jurisdiction-based dismissal of a motion to reconsider. With exceptions not relevant here, this court has jurisdiction to consider appeals only from final orders. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994) ("Every final judgment of a circuit court in a civil case is appealable as of right."). Further, "[a]n order denying a post-judgment motion is not itself a judgment, *** and is not an appealable order." *Sears v. Sears*, 85 Ill. 2d 253, 258 (1981). Instead, the denial of a proper postjudgment motion is reviewable as part of the review of the final order against which the motion is directed. See *Sears*, 85 Ill. 2d at 258. Thus, a case such as *Pellico*, which recognizes our jurisdiction to review a final order–the dismissal of a *complaint* for lack of jurisdiction–in no way recognizes an independent ability to review the denial of a postjudgment motion.

¶ 14    That the denial of Heather's postjudgment motion is not *independently* reviewable leaves open that the denial is reviewable as described above: as an order denying a properly filed postjudgment motion reviewable in connection with an appeal of the final order. Both Heather and the trial court appear to have assumed that the only relevant final order was the judgment for dissolution of marriage. That, as we explain, is not correct. This is so because the child-custody order of November 25, 2013, was an independently appealable final order under Rule 304(b)(6).

¶ 15    For the better part of three decades, the rule in Illinois was that a dissolution action raised only a single claim. See *In re Marriage of Leopando*, 96 Ill. 2d 114, 119 (1983) (establishing the single-claim rule). In particular, under *Leopando*, an order deciding permanent custody of a child did not decide a separate claim in a dissolution action; the order was thus interlocutory

and could be immediately appealed only as a matter of the court's discretion under Illinois Supreme Court Rule 306(a)(1)(v) (eff. July 1, 1982). *Leopando*, 96 Ill. 2d at 117-20.

¶ 16    The rule in *Leopando* has now been changed. As of February 26, 2010, the supreme court caused the rule to be superseded. Rule 304(b)(6), added on that date, now provides that among those judgments immediately appealable without a special finding by the court are "custody judgment[s] entered pursuant to the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/101 *et seq.*)." Ill. S. Ct. R. 304(b)(6) (eff. Feb. 26, 2010). The committee comments explain that, under Rule 304(b)(6), "a child custody judgment, even when it is entered prior to the resolution of other matters involved in the dissolution proceeding such as property distribution and support, shall be treated as a distinct claim and shall be appealable without a special finding." Ill. S. Ct. R. 304, Committee Comments (adopted Feb. 26, 2010). In other words, a permanent custody order is a final order, appealable without regard to the pendency of remaining issues in the dissolution proceeding. The comments further suggest that the applicability of Rule 304(b)(6) is limited to permanent custody determinations "as distinguished from any temporary or interim orders of custody entered pursuant to section 603 of the Act (750 ILCS 5/603) and any orders modifying child custody subsequent to the dissolution of a marriage." Ill. S. Ct. R. 304, Committee Comments (adopted Feb. 26, 2010).

¶ 17    The order of November 25 was a final custody order under Rule 304(b)(6). To be sure, the trial court referred to the November 25 order as "temporary." That characterization was, however, inaccurate as to the substance of the custody determination, and we deem the order final despite the court's characterization. See *In re Marriage of Lawrence*, 146 Ill. App. 3d 307, 309-10 (1986) (looking to the substance of a maintenance order, not to the trial court's characterization of it as "temporary," in determining the order's reviewability). In the November 25 order, the court specifically provided that the same custody determination was to appear in the dissolution judgment, so that the court intended that there be no difference in substance between the November 25 custody determination and that in the dissolution judgment. If anything in the November 25 order had a temporary aspect, it was in the provisions for the child's transition to living with Alan. The existence of those provisions only emphasizes that the order contemplated an immediate change that the court did not contemplate reversing.

¶ 18    We note that Heather's December 9 motion sought reconsideration of the "oral judgment entered on November 20, 2013," and not the written order of November 25. That did not change its effectiveness as a postjudgment motion. This is so despite the provision of Illinois Supreme Court Rule 272 (eff. Nov. 1, 1990) that "[i]f at the time of announcing final judgment the judge requires the submission of a form of written judgment *** the judgment becomes final only when the signed judgment is filed." The substance of a proper postjudgment motion is simply a request for relief from the judgment: "to qualify as a postjudgment motion, a motion must request at least one of the forms of relief specified in section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 2006)), namely, rehearing, retrial, modification, vacation, or other relief directed against the judgment." *In re Marriage of Valkiunas*, 389 Ill. App. 3d 965, 968 (2008). Heather's motion was filed after the final order of November 25, and, despite referencing the oral order, it was directed against the final order, in that it sought a change in the custody determination. That made it a postjudgment motion directed against the final custody determination.

¶ 19     In sum, the relevant final judgment here was the November 25 written order. Heather's December 9 motion to reconsider was filed within 30 days after that judgment and directed against it, so that it was a proper postjudgment motion. Illinois Supreme Court Rule 303(a)(1) (eff. May 30, 2008) provides that a party must file his or her notice of appeal either (1) within 30 days after the entry of a final judgment, or (2) if a timely postjudgment motion directed against the judgment is filed, within 30 days after the order disposing of the postjudgment motion. Heather filed her appeal within 30 days after the court's ruling on her motion. As a result, Heather's appeal was timely and we have jurisdiction to hold that, because her motion was proper, the court erred in ruling otherwise.

¶ 20                                    III. CONCLUSION

¶ 21     For the reasons stated, we reverse the court's ruling that Heather's motion was untimely and remand the matter for consideration of the motion on its merits.

¶ 22     Reversed and remanded.