2023 IL App (1st)221405-U

No. 1-22-1405

March 10, 2023

SIXTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF: | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| PETER MATT, | ) | |
| | ) | |
|     Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 2016 D 9534 |
| | ) | |
| MEGAN MATT n/k/a Megan Mason, | ) | The Honorable |
| | ) | Robert Johnson, |
|     Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Mikva and Justice Tailor concurred in the judgment.

**O R D E R**

¶ 1      *Held*: This interlocutory appeal is dismissed for lack of jurisdiction.

¶ 2      Defendant Megan Matt, now known as Megan Mason (Megan) and acting *pro se*, appeals

an interlocutory order entered by the trial court on September 13, 2022.  However, Megan did

not seek leave of court to file an interlocutory appeal and her appeal is not an appeal as of right. Thus, this court has no option but to dismiss this appeal for lack of jurisdiction.

¶ 3                                    BACKGROUND

¶ 4         We recite here only the facts necessary to understand why this court lacks jurisdiction and why a dismissal of this appeal is necessary.

¶ 5         The parties divorced in Cook County, Illinois, on September 27, 2017. As part of that divorce, the court entered a parenting plan regarding the parties' two minor children that gave the parents joint decision-making authority and equal parenting time. After several years of litigation in which both parents, at various times, sought to limit the other parent's decision-making authority or parenting time, the trial court entered the order on September 13, 2022, that is the basis of this appeal.

¶ 6         The September 13, 2022, order is entitled a "TEMPORARY ORDER," and states, in full:

> "This matter coming before the Court for continues hearing on Peter Matt's Motion for Modification of Parenting Time and Allocation of Parental Responsibilities, the parties being in Court in person, Peter Matt with counsel and the GAL [Guardian Ad Litem] being present, both parties completing their cases in chief, and the Court being advised,
>
> IT IS HEREBY ORDERED:
>
> (1) Megan Matt's motion to dismiss the Motion to Modify is Denied.
>
> (2) Peter Matt's Motion to Modify Parenting Time and Allocation of Parental Responsibilities is Granted on a temporary basis and until the conclusion of a Section 604.10(b) report, subject to the following:
>
> (3) The GAL Petition for Rule to Show Cause is stayed subject to the bankruptcy filing.

(4) All other pending motions contained within the July 19, 2022 order are entered and continued unless otherwise indicated herein.

(5) The GAL's motion for substitution of 604.10(b) Evaluator is set for hearing via Zoom on September 26, 2022 at 9:00 a.m.

(a) Megan Matt's parenting time is restricted upon the Court's finding serious endangerment.

(b) Megan Matt's parenting time shall be supervised by a supervisor agreed to by the parties or recommended by the GAL. Any costs of supervision shall be paid by Megan Matt.

(c) Megan Matt's parenting time schedule shall remain the same so long as a supervisor is present. The supervisor's availability to supervise shall be tendered to the GALL and parties at least seven (7) days in advance.

(d) Peter Matt has temporary allocation of all parental responsibilities."

¶ 7        On September 15, 2022, Megan filed a notice of appeal. On the form, Megan checked the box indicating that this was an "Interlocutory Appeal" and she listed the date of the judgment appealed from as September 13, 2022. She also checked the box indicating that the relief she sought was to "vacate the trial court's judgment."

¶ 8        In her initial brief to this court, Megan checked the box indicating that this court had jurisdiction pursuant to Illinois Supreme Court Rule 301 "because the trial court's judgment ended a civil (non-criminal) case." Megan added: "If not allowed jurisdiction under Rule 301 appellant asks for a ruling from this court under Rule 304(b)."

¶ 9        In response, Peter argued, among other things, that this court lacked jurisdiction to hear this appeal under Illinois Supreme Court Rules 301 and 304(b), as well as under Rule 306. With respect to these rules, Peter argued that this was not a final judgment, that the trial court had not made a permanent determination of custody, and that Megan had not petitioned this court for leave to hear this interlocutory appeal. In her reply brief, Megan argued: "My

children's right to a mother are protected by Rules 304 and 306." Megan also noted that she had stated repeatedly that "this appeal involves a matter subjected to expedited disposal under Rule 311(a)."

¶ 10                                    ANALYSIS

¶ 11        In her briefs to this court, Megan asserts that this court has jurisdiction to hear her appeal pursuant to Illinois Supreme Court Rules 301, 304(b), 306 and 311.

¶ 12        Illinois Supreme Court Rule 301 provides, in relevant part, that "[e]very final judgment of a circuit court in a civil case is appealable as of right." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). An order is final and appealable if it either terminates the litigation between the parties on the merits or disposes of the rights of the parties either on the entire controversy or on a separate definite part thereof. *Habitat Company, L.L.C. v. Peoples*, 201 IL App (1st) 171420, ¶ 28; *Maple Investment & Development Corp. v. Skore*, 38 Ill. App. 3d 654, 655 (1976) ("To constitute a final, appealable order" under Rule 301, "the order must terminate the litigation between the parties to the suit and finally determine, fix and dispose of their rights as to the issues made by the suit.") As we explain below, the order at issue did not dispose of the rights of the parties either on the entire controversy or on a separate definite part thereof.

¶ 13        This order is, by its own language and provisions, not final. While the title of the order states that it is temporary, in making this determination, we look beyond an order's title to its provisions. Although entitled a "Temporary Order," the title of the order is, by itself, not dispositive. *In re Marriage of Harris*, 2015 Il App (2d) 140616, ¶ 17. (although an order was labeled "temporary," the content indicated that the trial court did not intend to change any part, thereby making it final). Unlike the *Harris* case, the order here is consistent with its title. The order provides that Peter's motion is "[g]ranted" only "on a temporary basis," and the order

explains why it is only temporary. The motion is granted only "until the conclusion of a Section 604.10(b) report." The order again stresses that its allocation of parental responsibilities to Peter is "temporary" and states that all other motions are stayed or continued until a later time. Since this order is plainly an interim order and not a final judgment, Rule 301 is not a ground for jurisdiction in this appeal.

¶ 14    Megan also cites Illinois Supreme Court Rule 304(b) (eff. Mar. 8, 2016) which permits the immediate appeal of certain orders without first obtaining an express written finding from the trial court regarding appealability. The orders listed in subsection (b) include: "(6) A custody or allocation of parental responsibilities or modification of such judgment entered pursuant to the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/101 *et seq.*) or Illinois Parentage Act of 2015 (750 ILCS 46/101 *et seq.*)." Ill. S. Ct. R. 304(b)(6) (eff. Mar. 8, 2016).

¶ 15    However, the Committee Comments to Rule 304 state that the term " 'custody judgment' " refers to "the trial court's permanent determination of custody entered incident to the dissolution of marriage, as distinguished from any temporary or interim orders." Ill. S. Ct. R. 304, Committee Comments (Feb. 26, 2010);.*In re Marriage of Harris*, 2015 IL App (2d) 140616, ¶ 16 (rule and comments contemplate permanent determinations rather than temporary or interim orders); *Department of Health Care and Family Services v. Cortez*, 2012 IL App (2d) 120502, ¶ 11 (no jurisdiction under Rule 304(b)(6) without a permanent determination). Compare with *In re Marriage of Fatkin*, 2019 IL 123602, ¶ 30 (final order permitting father to relocate out of state with the children was immediately appealable under Rule 304(b)(6)).

¶ 16    Rule 304 is entitled "Appeals from Final Judgments that do not Dispose of an Entire Proceeding," thereby indicating that its drafters contemplated only final orders. Ill. S. Ct. R.

304 (eff. Mar. 8, 2016). When interpreting a supreme court rule, the plain and ordinary meaning of its language is the best indicator of its drafters' intent, and where the language is clear and unambiguous, we must apply that language without resort to further aids of construction. See *People v. Stevenson*, 2020 IL App (4th) 180143, ¶ 16. Rule 304 plainly states that it applies only to "Final Judgments." The order here is simply not a final order, as required by the rule's stated scope. In fact, the order even explains why it is not final: the parties and the court are still waiting for a report. Thus, we do not have jurisdiction under Rule 304(b)(6).

¶ 17    Illinois Supreme Court Rule 306, cited by Megan in her reply brief, provides in relevant part, that "[a] party may petition for leave to appeal to the Appellate Court from *** (5) interlocutory orders affecting the care and custody of or the allocation of parental responsibilities for unemancipated minors." Ill. S. Ct. R. 306(a)(5) (eff. Oct. 1, 2020). Rule 306 then sets forth in its subsection (b) the procedure for petitioning this court under subsection (a)(5). Ill. S. Ct. R. 306(b) (eff. Oct. 1, 2020). However, Megan did not petition this court for leave to appeal, so this rule does not provide jurisdiction. In addition, Megan did not mention Rule 306 until her reply brief; and points not raised in an appellant's initial brief are waived and may not be raised for the first time in a reply brief. Ill. S.Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued" in the appellant's initial brief "are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

¶ 18    Lastly, Supreme Court Rule 311 states, in relevant part, that "[t]he expedited procedures in this subpart shall apply to appeals from final orders in child custody or allocation of parental responsibilities cases or decisions allowing or denying relocation." Ill. S. Ct. R. 311(a) (eff. July 1, 2018). This rule is not, in and of itself, a source of appellate jurisdiction; rather, the rule provides for an expedited process for the appeal of "final orders" which are,

already, appealable. Ill. S. Ct. R. 311(a) (eff. July 1, 2018).  There must be a final order, first, for this rule to apply; and we do not have a final order here.

¶ 19           We observe that this is the second time that we have dismissed an appeal by this litigant, in this same litigation, as untimely. *In re Marriage of Matt*, No. 1-22-0079 (May 13, 2022) (summary order).  In this Rule 23 order, we have set forth the various appeal rules, in the hope that we will not see a third untimely interlocutory appeal which would have to be dismissed again for lack of jurisdiction.  Such appeals not only waste time, but also may delay the underlying litigation and a resolution for these two children.

¶ 20           For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

¶ 21           Appeal dismissed.