2023 IL App (1st) 220744-U

FIRST DISTRICT,
FIRST DIVISION
October 30, 2023

No. 1-22-0744

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).
_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| IN RE MARRIAGE OF: | ) ) | Appeal from the |
| YOKFA SOKOLSKI, | ) ) | Circuit Court of Cook County, Illinois. |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | No. 11 D 4867 |
| LAWRENCE SOKOLSKI, | ) ) ) | Honorable Doretha Renee Jackson, Judge Presiding. |
| Respondent-Appellee. | ) | |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1     *Held*: Appeal dismissed for lack of jurisdiction where orders temporarily modifying parenting time and appointing a guardian ad litem were not final orders.

¶ 2     Petitioner Yokfa Sokolski appeals from the denial of her motion to vacate the circuit court's orders appointing a guardian ad litem and temporarily modifying parenting time of her minor children, with whom she shares joint custody with respondent Lawrence Sokolski. For the following reasons, this appeal is dismissed for lack of jurisdiction.

¶ 3                                    BACKGROUND

¶ 4         The record on appeal does not contain a complete report of proceedings.[1] The following facts are discerned from our review of the common law record.

¶ 5         Petitioner and respondent were married on May 20, 2002, and had two children together: An.S., born in 2006, and Ad.S., born in 2010. On May 12, 2011, petitioner filed a petition for dissolution of marriage. On August 16, 2012, the trial court entered a judgment of dissolution of marriage, approving and incorporating the parties' marital settlement agreement. The marital settlement agreement provided, in relevant part, that the parties would share joint custody of the children and that petitioner would be "designated the primary residential parent." Respondent was granted visitation every Wednesday from 5:00 p.m. until school the following day and every other weekend from 5:00 p.m. on Friday through 5:00 p.m. on Sunday. Respondent was also ordered to pay child support to petitioner.

¶ 6         On August 19, 2014, pursuant to a "Full Parenting Agreement," the parties agreed to a "Temporary Parenting Schedule" while respondent was unemployed and a "Regular Parenting Schedule" to take effect once respondent returned to work. Petitioner was still designated the "Primary Residential Parent."

¶ 7         On May 4, 2015, petitioner filed a *pro se* motion for "parenting schedule," indicating that respondent did not pick up the children for his scheduled visitation and gave "no explanation" for his failure to do so. On May 26, 2015, the court modified the parties' parenting schedule, granting respondent visitation every weekend from Friday at 9:00 a.m. until 8:30 a.m. on Saturday and from Sunday at 10:00 a.m. until Monday at 8:30 a.m.

¶ 8         On March 31, 2021, petitioner filed a *pro se* motion for "parenting schedule," alleging that respondent failed to return the children after his weekend visitation. Specifically, petitioner

_____

[1] The only transcript in the report of proceedings filed on appeal is the August 16, 2012 proceeding on the petition for dissolution of marriage.

alleged that she dropped off the children at respondent's residence on Friday, February 26, in accordance with their "court order and agreement," but respondent "never returned them on Sunday." Petitioner requested that respondent "return the children back to their primary residence and stop parental alienation." The notice of motion indicates that petitioner's motion was set for a hearing on April 26, 2021.[2]

¶ 9     On April 26, 2021, the circuit court entered an order of continuance providing that, "Minor children shall temporarily reside with Dad-Lawrence; Mom shall have video parenting time as agreed by parties; [guardian ad litem (GAL)] appointed by separate order." In a separate order entered on the same date, the court appointed a GAL to address "Residential Care; Video Parenting Time; [and] Open DCFS Case." The court continued the case to June 17, 2021 for a status on the GAL's report.

¶ 10    On May 11, 2021, respondent filed a *pro se* motion to modify allocation of parental responsibilities based on a substantial change in circumstances. Respondent alleged that "[t]he children have been mentally and verbally abused by their mother as well as being molested by an in-house family member (half brother)" and that petitioner "allowed her son to stay around the house after [their daughter] informed her of his actions." Respondent asked that the court grant him "sole responsibility for all decision making when it comes to the children" and to modify parenting time to provide visitation with petitioner every other weekend, "provided the mother's son is not allowed around the children." Respondent also requested a modification of child support and that petitioner reimburse child support payments made to her since the children had been living with respondent since March 1, 2021. No ruling on respondent's motion appears in the record on appeal.

_____

[2] According to petitioner's appellate brief, both petitioner and respondent appeared at the April 26, 2021 hearing *pro se*.

¶ 11        On May 26, 2021, petitioner, through counsel, filed a "Motion to Vacate the Orders Entered on April 26, 2021," arguing that the circuit court lacked jurisdiction to enter the "temporary order modifying the current parenting time schedule."[3] Citing *Ligon v. Williams*, 264 Ill. App. 3d 701 (1994), petitioner argued that the circuit court did "not have jurisdiction to adjudicate an issue not presented to it through proper pleadings" because "Respondent did not have any motion and/or petition on file asking this court to hear it." Petitioner also asserted that she "was not prepared to proceed to argue any such motion and/or petition" to "modify the current parenting time schedule."

¶ 12        On April 26, 2022, the circuit court denied petitioner's motion to vacate. The court's order indicates that on April 13, 2022, respondent appeared *pro se* and petitioner appeared through counsel. The court heard "the legal argument from Petitioner's attorney and a brief statement from the Respondent regarding what brought the parties to the court on April 26, 2021, over Petitioner's relevance objection." The court also "hear[d] a short statement from Petitioner denying Respondent's statements regarding the alleged abuse." The court found that it "had jurisdiction to enter *** [the] order modifying custody (parenting time) due to the fact that the order was entered protecting the best interest of the parties['] minor children, based on representations made to the court on April 26, 2021." The order further indicates that "[a]dditional reasons for denying Petitioner's Motion to Vacate the Order Entered on April 26, 2021 are fully stated in the transcript of the proceedings held on April 13, 2021[*sic*]."

¶ 13        On May 24, 2022, petitioner filed a notice of appeal pursuant to Illinois Supreme Court Rule 304(b)(6) (eff. Mar. 8, 2016). Petitioner indicates that she appeals from "[t]he orders entered on April 26, 2021 modifying parenting time (custody) and appointing a GAL" and "[t]he

_____

[3] While the motion is titled "Motion to Vacate the *Orders* Entered on April 26, 2021" (emphasis added), petitioner made no argument concerning the circuit court's order appointing a GAL.

order entered on April 26, 2022 denying the Petitioner's Motion to Vacate the Order Entered on April 26, 2021." Prior to filing her notice of appeal, petitioner filed a motion to stay enforcement of the April 26, 2021 order during the pendency of this appeal. The record on appeal does not contain any ruling on petitioner's motion to stay.

¶ 14                                                    ANALYSIS

¶ 15       Petitioner argues that the circuit court's April 26, 2021 order temporarily modifying parenting time is void because there was "no pleading on file requesting a modification of custody [or] parenting time."[4] She also asserts that her due process rights were violated since she did not have "notice that custody was at issue." Respondent, who has filed a *pro se* brief on appeal, maintains that the circuit court's judgment is "valid and enforceable" where the "[j]udge spoke to both parties involved, received all the information and ordered that the minor children temporarily stay with Respondent while a GAL was appointed and the ongoing DCFS case was pending."

¶ 16       Initially, we note that respondent's *pro se* brief does not comply with Supreme Court Rule 341(h), as it fails to include citations to the appellate record or relevant legal authority. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Although we are not to "serve as an advocate for the appellee" and are not "required to search the record for the purpose of sustaining the judgment of the trial court" (*First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976)), this court has an independent duty to consider whether we have jurisdiction over this appeal. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009) ("A reviewing court must ascertain its jurisdiction before proceeding in a cause of action, regardless of whether either party has raised the issue.").

---

[4] While petitioner also asks this court to vacate the circuit court's April 26, 2021 order appointing a GAL, she provides no argument as to why this order is void or should otherwise be vacated.

¶ 17    Generally, this court only has jurisdiction over appeals from final judgments, unless a statute or supreme court rule provides otherwise. *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989). Under Illinois Supreme Court Rule 303 (eff. July 1, 2017), a notice of appeal must be filed "within 30 days after the entry of the final judgment appealed from or, if a timely posttrial motion directed against the judgment is filed *** within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order ***." See also *In re Marriage of Harris*, 2015 IL App (2d) 140616, ¶ 13 (noting that "the denial of a postjudgment motion is reviewable as part of the review of the final order against which the motion is directed").

¶ 18    " 'An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof.' " *In re Marriage of Gutman*, 232 Ill. 2d 145, 151 (2008) (quoting *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998)). Whether an order is "temporary or final" depends on "its substance and not its form." *Levy v. Skilling*, 136 Ill. App. 3d 727, 729 (1985); *In re Marriage of Harris*, 2015 IL App (2d) 140616, ¶ 17 (finding that a custody order was final despite the trial court's characterization of the order as "temporary").

¶ 19    Nothing in the April 26, 2021 orders temporarily modifying parenting time and appointing a GAL indicates that they were intended to be final orders. Rather, the circuit court temporarily modified parenting time and appointed a GAL in light of the allegations that were raised at the April 26, 2021 hearing and continued the case to address "Residential Care; Video Parenting Time; [and] Open DCFS Case."[5] Additionally, the electronic docket of the Clerk of the

---

[5] While the record on appeal does not contain a report of proceedings of the April 26, 2021 or April 13, 2022 hearings, the circuit court's order denying petitioner's motion to vacate indicates that it heard a "brief statement regarding what brought the parties to the court on April 26, 2021" and petitioner's response "denying Respondent's statements regarding the alleged abuse."

Circuit Court of Cook County, which we may take judicial notice of (see *TCF National Bank v. Richards*, 2016 IL App (1st) 152083, ¶ 50), indicates that the parties have continued to litigate the issue of parenting time during the pendency of this appeal. It follows that the April 26, 2021 orders are not final, and the April 26, 2022 order denying petitioner's motion to vacate is not an order disposing of a postjudgment motion directed against a final judgment.

¶ 20    Nevertheless, petitioner asserts that this court has jurisdiction under Illinois Supreme Court Rule 304(b)(6) (eff. Mar. 8, 2016). Rule 304 applies to "Appeals from *Final Judgments* that do not Dispose of an Entire Proceeding." (Emphasis added.) Ill. S. Ct. R. 304 (eff. Mar. 8, 2016). Rule 304(a) provides that "[i]f multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a).

¶ 21    Under Rule 304(b), certain final orders that do not dispose of an entire proceeding are appealable without a Rule 304(a) finding. See Ill. S. Ct. R. 304(b) (eff. Mar. 8, 2016). Rule 304(b)(6) allows for the immediate appeal from a "custody or allocation of parental responsibilities judgment or modification of such judgment entered pursuant to the Illinois Marriage and Dissolution of Marriage Act [citation] or the Illinois Parentage Act of 2015 [citation]." Ill. S. Ct. R. 304(b)(6) (eff. Mar, 8, 2016). However, Rule 304, by its very terms, only applies to *final judgments* that do not dispose of the entire proceeding. See *D'Agostino v. Lynch*, 382 Ill. App. 3d 639, 642 (2008) ("Rule 304(b) makes certain specific types of *final orders* that do not dispose of an entire proceeding immediately appealable without a special finding") (emphasis added and emphasis omitted); see also *In re Guardianship of J.D.*, 376 Ill. App. 3d 673, 676 (2007) (noting that Rules 301, 303, and 304 "are applicable only to final judgments").

¶ 22    Because, as previously discussed, the circuit court's April 26, 2021 order temporarily modifying parenting time was not a final order, we do not have jurisdiction under Rule 304(b)(6). See *In re Marriage of Harris*, 2015 IL App (2d) 140616, ¶ 16 (finding that the committee comments to Rule 304(b)(6) suggest that it is limited to permanent custody determinations rather than temporary or interim orders); *In re Marriage of Wendy S. and George D.*, 2020 IL App (1st) 191661, ¶ 14 ("pursuant to Illinois Supreme Court Rule 304(b)(6) ***, appeals can be taken from *final judgments* modifying a custody judgment even where the judgment does not dispose of the entire proceeding") (emphasis added); *Matt v. Matt*, 2023 IL App (1st) 221405-U, ¶¶ 15-16 (cited as persuasive authority pursuant to Illinois Supreme Court Rule 23(e) (eff. Feb. 1, 2023)) (court lacked jurisdiction over appeal from temporary order modifying custody because Rule 304(b)(6) only applies to permanent custody determinations and Rule 304 is limited to appeals from final judgments). Additionally, Rule 304(b)(6) is inapplicable to the circuit court's order appointing a GAL, as it is not a "custody or allocation of parental responsibilities judgment or modification of such judgment." See Ill. S. Ct. R. 304(b)(6).

¶ 23    Finally, petitioner is not appealing from an interlocutory order appealable as of right under Supreme Court Rule 307. See Ill. S. Ct. R. 307(a)(1)-(7) (eff. Nov. 1, 2017). Nor did she petition this court for leave to appeal from an "interlocutory order[ ] affecting the care and custody of or allocation of parental responsibilities for unemancipated minors" under Rule 306(a)(5). See Ill. S. Ct. R. 306(a)(5) (eff. Oct. 1, 2020). Accordingly, this court lacks jurisdiction over the instant appeal.

¶ 24                                   CONCLUSION

¶ 25    For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

¶ 26    Appeal dismissed.