2026 IL App (1st) 252438-U

No. 1-25-2438

First Division
June 10, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| JOSE MARTINEZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County. |
| | ) | |
| | ) | |
| v. | ) | No. 23D579004 |
| | ) | |
| | ) | Honorable |
| MATILDA TOLENTINO, | ) | Bernadette Barrett, |
| | ) | Regina A. Scannicchio, |
| Respondent-Appellee. | ) | Marita C. Sullivan, |
| | ) | Regina A. Mescall, |
| | ) | Judges, Presiding. |

_____

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:    This appeal is dismissed for lack of jurisdiction where other matters remain pending in the circuit court that require resolution prior to appellate review.

¶ 2    This action stems from petitioner-appellant Jose Martinez's petition for allocation of parental responsibilities and parenting time as related to his and respondent-appellee Matilda

Tolentino's minor child. Petitioner appeals from three orders of the circuit court: (1) Judge Bernadette Barrett's October 3, 2023, order regarding parenting time and decision-making and child support, (2) Judge Regina A. Mescall's October 27, 2025, final judgment entered on the allocation of parental responsibility and parenting agreement, and (3) Judge Mescall's November 24, 2025, order reallocating guardian *ad litem* (GAL) fees. On appeal, petitioner argues that: the circuit court erred in (1) "[d]eclining to change venue to the Cook County First District Court" pursuant to Cook County Circuit Court Rule 13.3(c)(ii) (July 21, 2015) despite being on notice as of August 18, 2023, of the 12D052075 case regarding child support matters; (2) issuing the October 3, 2023, order and refusing to vacate it "since it was issued without a hearing or proof of financial hardship that would justify temporary child support needs based order"; and (3) allocating 85% of the GAL fees to him despite petitioner's objection to the GAL's appointment and approving the GAL's final allocation of parental responsibilities *nunc pro tunc* to October 27, 2025. For the reasons that follow, we dismiss the appeal for lack of jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4     Initially, we note that no report of proceedings has been filed with the court. See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021); Ill. S. Ct. R. 323 (eff. July 1, 2017). The following facts are therefore gleaned solely from the parties' filings and the circuit court's orders contained in the common law record.

¶ 5     On January 23, 2023, petitioner filed a petition for allocation of parental responsibilities and parenting time in the circuit court of Cook County. Therein, regarding his and respondent's minor child, petitioner requested that the allocation of significant decision-making for the child be awarded jointly to both parties and the court hold a hearing to establish paternity. Relevant here,

the case was given a case number of 23D579004 and was assigned to Calendar 85 in the Bridgeview Courthouse.

¶ 6     On March 29, 2023, respondent filed a response to petitioner's petition, requesting that the court enter an order declaring petitioner as the father of the child, awarding her sole decision-making authority for significant decisions affecting the child, and naming her as the child's primary residential parent.

¶ 7     On July 25, 2023, respondent filed a petition for temporary and permanent child support, contribution to child-related expenses, and other relief. She requested that petitioner pay "above-guideline statutory child support" to her for their child; petitioner carry the child on his health insurance available through his employment, procure private health insurance, or contribute to the cost of the child's health insurance; and petitioner be ordered to pay expenses for their child not covered by child support. On the same day, she also filed a petition for temporary and permanent allocation of parental responsibilities and parenting time.

¶ 8     On August 21, 2023, petitioner filed a response to respondent's parental responsibilities and parenting time petition. One of the exhibits attached to this response was a photograph of a court order dated December 18, 2013, which dismissed without prejudice case no. 12D052075 because the parties had a private child support agreement. We note that this document does not contain the judge's signature, only the parties' signatures.

¶ 9     On August 28, 2023, the court entered an order setting a hearing date on the parties' petitions for October 3, 2023. Prior to that date, the parties were required to submit their financial affidavits, and respondent was permitted time to reply to petitioner's response to her petition.

¶ 10    On October 3, 2023, Judge Barrett entered an order providing the following. The court noted that neither petitioner nor his counsel were present, despite respondent's phone call to

petitioner's counsel prior to the start of the proceeding. The court named respondent the primary parent, awarded respondent sole decision-making authority on a temporary basis, ordered petitioner to have parenting time on alternating weekends, identified the location for the parenting time exchange, ordered petitioner to pay $750 per month to respondent for child support, ordered the parties to exchange financial affidavits and file proposed parenting plans, and continued the matter to November 9, 2023.

¶ 11    On October 30, 2023, petitioner filed a motion to reconsider the court's October 3, 2023, order. Attached thereto was petitioner's proposed parenting plan.

¶ 12    On November 9, 2023, the court set the matter for trial on January 24, 2024.

¶ 13    On January 16, 2024, respondent filed an emergency motion for appointment of a GAL, as well as a motion for a trial continuance and a motion for mediation. On January 19, 2024, petitioner filed a response. Although no order appointing a GAL appears in the record, an order entered on February 13, 2025, by Judge Regina A. Scannicchio indicates that Judge Barrett appointed a GAL on January 22, 2024. The record reflects that the GAL entered his appearance on February 5, 2024.

¶ 14    On April 4, 2024, respondent filed a verified petition for rule to show cause and finding of indirect civil contempt, alleging that petitioner failed to comply with the October 3, 2023, order as to child support and owed her $3,300 plus statutory interest for past-due child support. She also requested that the court find petitioner in indirect civil contempt due to his noncompliance.

¶ 15    On April 11, 2024, the court entered an order containing the following. The order modified the parenting time schedule, referred the parties to mediation, continued respondent's petition for rule to show cause for indirect civil contempt, allowed respondent time to respond to the petition, converted respondent's motion to reconsider the October 3, 2023, order to a motion to modify,

directed the parties to file updated financial affidavits, directed the parties to complete a parenting course, and continued the matter for status and setting of a hearing.

¶ 16    In June 2024, respondent substituted her counsel in this case, resulting in a delay in the proceedings.

¶ 17    On August 30, 2024, petitioner filed an emergency motion to vacate/stay/modify enforcement of the Illinois Department of Healthcare and Family Services collection action pursuant to the court's October 3, 2023, order. The motion also requested sanctions and attorney's fees.

¶ 18    On September 9, 2024, the court entered an order allowing respondent time to respond to the motion, which it declared was not an emergency, and continued the matter to October 21, 2024.

¶ 19    On September 11, 2024, petitioner filed another emergency motion to stay enforcement of the collection action and vacate the court's October 3, 2023, order.

¶ 20    On September 16, 2024, the court entered an order allowing respondent time to respond to the second emergency motion and allowing her time to file her fee petition for sanctions for attorney's fees related to petitioner's emergency motions.

¶ 21    On September 23, 2024, respondent filed a motion requesting an extension of time to file her fee petition. On October 1, 2024, the court granted the motion and continued the matter for status on October 21, 2024.

¶ 22    On October 21, 2024, Judge Barrett entered an order transferring this case to Judge Scannicchio for reassignment and consolidation with case no. 22D052075.

¶ 23    On December 18, 2024, Judge Marita C. Sullivan entered an order, which stated the following in pertinent part:

"This cause is set for status before Judge Sullivan, Calendar 95, First District, Daley Center, Room 1905, Chicago, Illinois regarding the October 21, 2024 Court ordered consolidated transfer of this matter from Fifth District Bridgeview Courthouse Judge [Barrett] and whether this Judge can entertain Petitioner's Emergency Motion or should send it back to Bridgeview Courthouse[.]"

¶ 24    On January 24, 2025, the status date was continued to January 31, 2025.

¶ 25    On January 31, 2025, Judge Sullivan entered an order setting the matter for status "on the issue of which calendar shall hear the instant case" on February 20, 2025. In the order, the court noted that "the matter had not yet been transferred to Calendar 1, for the presiding Judge, and therefore not to Calendar 95[.]"

¶ 26    On February 13, 2025, Judge Scannicchio entered an order, recounting the procedural history of the cases, specifically noting that 12D052075 was voluntarily dismissed on December 18, 2023, following a voluntary child support agreement. In the interest of judicial economy, Judge Scannicchio vacated Judge Barrett's October 21, 2024, transfer order, severed 23D579004 from 12D052075, and ordered that case 23D579004 remain on Calendar 85 in the Fifth District at the Bridgeview Courthouse.

¶ 27    Although not contained in the record on appeal, according to Judge Mescall's December 10, 2025, order, on March 21, 2025, petitioner filed a motion to reconsider Judge Scannicchio's February 13, 2025, order, in Calendar 95 at the Daley Center. On April 1, 2025, Judge Sullivan entered an order setting petitioner's motion to reconsider for status before herself on Calendar 95 in the First District at the Daley Center on April 15, 2025.

¶ 28    On April 11, 2025, in Calendar 85 at the Bridgeview Courthouse, petitioner refiled his motion to reconsider and for relief from judgment pursuant to section 2-1401 of the Code of Civil

Procedure (735 ILCS 5/2-1401 (West 2024)), requesting that the court reconsider its decision to send the case back to the Fifth District on Calendar 85 at the Bridgeview Courthouse. Petitioner alleged that he had notified Judge Barrett of the child custody action by attaching the dismissal order in that case as an exhibit to his August 18, 2023, response to respondent's petition. He also alleged that he had repeatedly objected to the Fifth District having jurisdiction over child support matters and that the only matter to be addressed before Judge Barrett was the allocation of parental responsibilities.

¶ 29    On May 27, 2025, petitioner filed a motion to advance the court date for the motion to reconsider. He also requested that the judge send the case back to the First District for ruling on his motion to reconsider.

¶ 30    On June 11, 2025, Judge Barrett entered an order transferring the matter back to Judge Scannicchio for a ruling on petitioner's motion to reconsider. A review of the record reveals no activity in this case for several months.

¶ 31    On October 14, 2025, the GAL filed a motion to enter an allocation of parental responsibilities judgment, as well as a motion for fees. On October 27, 2025, Judge Mescall in the Fifth District on Calendar 85 entered an allocation judgment for parental responsibility and parenting agreement, which solely addressed issues of custody, parenting time, and decision-making. The October 27, 2025, order also noted that only respondent, her counsel, and the GAL were present before the court on that date and stated that "Respondent is ordered to pay the attorney fees for the GAL and Respondent's counsel, Ms. Alexandra Brinkmeier, for their appearance in

court this day."[1] On November 11, 2025, respondent filed a motion to reallocate fees of the GAL. On November 20, 2025, petitioner filed a response, reiterating therein that there were several outstanding motions yet to be ruled upon.

¶ 32    On November 24, 2025, Judge Mescall found that the GAL's fees were reasonable and petitioner would pay 85% of the amount, whereas respondent would pay 15% of the amount. The court also ordered petitioner to pay $300 to the GAL and to respondent's counsel as sanctions. The court stated that the final allocation of parental responsibilities order was entered *nunc pro tunc* to the actual hearing date of October 27, 2025, over petitioner's objection. Finally, the court continued the matter "for status on the issue of child support to December 10, 2025[.]"

¶ 33    On November 25, 2025, petitioner filed his notice of appeal, identifying the October 3, 2023, October 27, 2025, and November 24, 2025, orders as the judgments from which he was appealing.[2]

¶ 34    On December 10, 2025, Judge Mescall entered an order, which provided the following in pertinent part:

> "The Parties are in agreement that this matter went before Judge Scannicchio regarding child support pursuant to a transfer Order by Judge Barrett. That Judge Scannicchio ruled on February 13, 2025 to vacate Judge Barrett's transfer Order, sever the cases, and send the case back to Calendar 85. The Parties and this Court would benefit from clarity from Judge Scannicchio as to whether or not the February 13, 2025 ruling will

---

[1] It appears that the court inadvertently referred to petitioner as respondent when ordering sanctions, where Ms. Brinkmeier is respondent's counsel and petitioner was the one who failed to appear before the court that day.

[2] We note that petitioner's notice of appeal was filed within 30 days of both the October 27, 2025, order and the November 24, 2025, order.

be reconsidered based upon Petitioner's Motion to Reconsider filed in the previous 2012D052075 matter on March 21, 2025 and then re-filed on April 11, 2025 by advice of Judge Sullivan on April 1, 2025 in this matter so that the venue matter can be concluded and finalized relating to child support. A Motion to Advance was filed to request a resolution of this matter before Judge Scannicchio on May 27, 2025 followed by another Transfer Order from Judge Barrett to Judge Scannicchio for a ruling on the Motion to Reconsider."

¶ 35                                    II. ANALYSIS

¶ 36    Preliminarily, we note that respondent has failed to enter an appearance in this accelerated case and failed to file a responsive brief, which became due on March 4, 2026. Therefore, on May 20, 2026, on this court's own motion, an order was entered taking the case for consideration on petitioner's brief and the record alone, and we proceed with our review accordingly. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 37    On appeal, petitioner argues that: the circuit court erred in (1) "[d]eclining to change venue to the Cook County First District Court" pursuant to Cook County Circuit Court Rule 13.3(c)(ii) (July 21, 2015) despite being on notice as of August 18, 2023, of the 12D052075 case regarding child support matters;[3] (2) issuing the October 3, 2023, order and refusing to vacate it "since it was issued without a hearing or proof of financial hardship that would justify temporary child support needs based order"; and (3) allocating 85% of the GAL fees to him despite petitioner's objection to the GAL's appointment and approving the GAL's final allocation of parental responsibilities *nunc pro tunc* to October 27, 2025.

---

[3]Although petitioner clearly takes issue with Judge Scannicchio's February 13, 2025, order transferring the case back to the Fifth District, that order is not identified in the notice of appeal.

¶ 38    Before proceeding to the merits, however, we must consider whether we have jurisdiction over this appeal. The reviewing court has an independent duty to consider its jurisdiction and dismiss the appeal if jurisdiction is lacking. *In re Marriage of Alyassir*, 335 Ill. App. 3d 998, 999 (2003).

¶ 39    The Illinois Constitution grants this court jurisdiction to hear appeals from final judgments. Ill. Const. 1970, art. VI, § 6. This court generally only has jurisdiction over appeals from final orders disposing of all claims, meaning every right, liability, or matter raised in an action, except where a statute or supreme court rule provides otherwise. *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989). "A judgment is final if it determines the litigation on the merits so that, if affirmed, nothing remains for the trial court to do but to proceed with its execution." *Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 232-33 (2005). The circuit court retains jurisdiction until all matters before the court have been disposed. *In re Marriage of Petraitis*, 263 Ill. App. 3d 1022, 1038 (1993) (quoting *Armour & Co. v. Mid-America Protein, Inc.*, 37 Ill. App. 3d 75, 77 (1976)).

¶ 40    In his brief, petitioner states that jurisdiction is conferred upon this court pursuant to Illinois Supreme Court Rule 304(b)(6) (eff. Mar. 8, 2016). Rule 304 governs "[a]ppeals from final judgments that do not dispose of an entire proceeding[.]" Ill. S. Ct. R. 304. When a final order in the circuit court disposes of fewer than all of the parties or claims in an action, Rule 304(a) applies. *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 465 (1990). "If an order does not resolve every right, liability or matter raised, it must contain an express finding that there is no just reason for delaying an appeal." *Id.*; Ill. S. Ct. R. 304(a). As an aside, we note that none of the orders from which petitioner appeals contains a Rule 304(a) finding.

¶ 41 Section (b), which petitioner references in his jurisdictional statement, dispenses with the special finding requirement in certain circumstances. Ill. S. Ct. R. 304(b). Relevant here, subsection (6) provides that "[a] custody or allocation of parental responsibilities judgment or modification of such judgment entered pursuant to the Illinois Marriage and Dissolution of Marriage Act [IMDMA] (750 ILCS 5/101 *et seq.*) or Illinois Parentage Act of 2015 (750 ILCS 46/101 *et seq.*)" is appealable without the Rule 304(a) finding. Ill. S. Ct. R. 304(b)(6). "Under the IMDMA, an allocation of parental responsibilities judgment is a judgment that allocates 'both parenting time and significant decision-making responsibilities with respect to a child.' " *In re Marriage of Fatkin*, 2019 IL 123602, ¶ 29 (citing 750 ILCS 5/600(b), (d) (West 2016)).

¶ 42 Petitioner identifies the following dates for the judgment from which he is appealing: November 24, 2025, October 27, 2025, and October 3, 2023. As we explain below, a review of the procedural progress of this case in the circuit court reveals a tangled web with many unresolved issues that ultimately preclude us from having jurisdiction over any of those orders.

¶ 43 As stated above, Rule 304(b)(6) allows for appeals from final judgments allocating parental responsibilities and decision-making. Neither the November 24, 2025, order nor the October 3, 2023, can be characterized as such.

¶ 44 First, the November 24, 2025, order is not appealable under Rule 304(b)(6) because the order related to the GAL's fees and monetary sanctions owed by petitioner. Those issues are unrelated to child custody or parental responsibilities. See *In re A.C.*, 2024 IL App (1st) 232052, ¶ 16 (Rule 304(b)(6)'s exception for immediate, interlocutory appeals of parental responsibility and custody judgments "does not entail the appealability of every judgment in a case where parental responsibilities are at stake").

¶ 45     Second, the October 3, 2023, order does not fall under the purview of Rule 304(b)(6) either because it was temporary in nature, and thus not a final judgment on parental responsibilities and decision-making. In particular, the court named  respondent as "the minor child's primary parent" and awarded her "sole decision-making authority on a *temporary basis*" (emphasis added), and the court noted that its decisions regarding child support were "[w]ithout prejudice." Additionally, the court stated that the matter was "set for further summary hearing on child support, as well as status on parenting time, parental decision-making responsibilities, and potential appointment of a GAL[.]" See *In re Marriage of Harris*, 2015 IL App (2d) 140616, ¶ 16 (finding that the committee comments to Rule 304(b)(6) suggest that it is limited to permanent custody determinations, not temporary or interim orders); *Department of Health Care and Family Services v. Cortez*, 2012 IL App (2d) 120502, ¶ 11 (no jurisdiction under Rule 304(b)(6) without a permanent determination). We also do not find it appropriate for this court to broaden Rule 304(b)(6) to encompass non-final orders simply because they are related to the final judgment.

¶ 46     We recognize that the October 3, 2023, order could be construed, pursuant to Illinois Supreme Court Rule 306(a)(5) (eff. Oct. 1, 2020), as an interlocutory order "affecting the care and custody of or the allocation of parental responsibilities for unemancipated minors ***." See *In re Marriage of Kostusik*, 361 Ill. App. 3d 103, 109 (2005) ("Rule 306(a)(5) is the vehicle by which to seek review of interlocutory child custody orders."). However, section (b) of that rule requires that a petition for leave to appeal be filed "within 14 days of the entry or denial of the order from which review is being sought[.]" Ill. S. Ct. R. 306(b)(1) (eff. Oct. 1, 2020). "The filing of a petition in the appellate court is a prerequisite to invoking appellate jurisdiction." *In re Alexis H.*, 335 Ill. App. 3d 1009, 1013 (2002). No such petition was filed in this case, and this appeal was not taken within 14 days. Thus, petitioner cannot appeal this order pursuant to Rule 306.

¶ 47    Finally, we note that, even if the October 3, 2023, order fell under the purview of either of these rules, we would nonetheless find that it is not ripe for appeal where petitioner's motion to reconsider/motion to modify that order was never ruled upon, nor was his request to vacate the October 3, 2023, order contained in his September 11, 2024, emergency motion.

¶ 48    This leaves the October 27, 2025 final judgment allocating parental responsibilities and entering a parenting agreement for the minor child, which we acknowledge is reviewable on appeal pursuant to Rule 304(b)(6). Nonetheless, we conclude that we lack jurisdiction to review that judgment as well.

¶ 49    Pursuant to the last order entered on December 10, 2025, in this case, there appears to be no dispute that there are pending matters that require resolution before this case can proceed in the circuit court. In that order, Judge Mescall noted that petitioner had filed a motion to reconsider Judge Scannicchio's February 13, 2025, transfer order, as well as a motion to advance for resolution of that matter. Judge Mescall also noted that Judge Barrett entered a transfer order for Judge Scannicchio to rule on petitioner's pending motion. Additionally, we point out that respondent filed a petition for rule to show cause on April 4, 2024, and our review of the record does not reveal any ruling on that motion either. Notably, respondent's motion alleged that petitioner had failed to make the required child support payments pursuant to the October 3, 2023, order. Petitioner also filed two emergency motions for hearing before Judge Barrett, relating to the Illinois Department of Healthcare and Family Services collection action pursuant to the October 3, 2023, order. These motions were never ruled upon and were effectively disregarded when the judgment for allocation of parental responsibilities and parenting agreement was entered, as the October 3, 2023, order did not *solely* address child support matters but parental responsibility and decision-making matters as well.

¶ 50    It is undeniable that the outcome of petitioner's motion to reconsider the February 13, 2025, transfer order, if it is ever ruled upon, could potentially affect all aspects of this case, as it will clarify whether the parental responsibilities and decision-making is properly on Calendar 85 at the Bridgeview Courthouse and whether the issues of child support may be addressed in the same court or must be severed and can only be addressed under case no. 12D052075. Until these issues are clarified, the circuit court cannot dispose of petitioner's pending motion to reconsider/modify the October 3, 2023, order, which addresses both parental responsibilities *and* child support, or respondent's motion for rule to show cause and petitioner's emergency motions, which both relate to the child support directives in the October 3, 2023, order.

¶ 51    The pending matters in this case cannot be characterized as separate claims or issues; rather, they involve interrelated, ancillary issues, which renders petitioner's notice of appeal premature. Stated another way, it is simply not true in this case that if we were to affirm the October 24, 2025, final allocation of parental responsibility and parenting agreement, "the only thing remaining [as to the issue of custody] is to proceed with the execution of the judgment." *Verdung*, 126 Ill. 2d at 553. To address the merits of the issues presented by petitioner at this juncture would result in piecemeal appeals, and we do not find any compelling reason to do so in this case. See *Armstead v. National Freight, Inc.*, 2021 IL 126730, ¶ 29 ("[P]ermitting this appeal would promote precisely the type of piecemeal appeals Rule 304(a) was designed to discourage."). Therefore, because appellate jurisdiction is lacking in this case, we are obligated to dismiss petitioner's appeal. See *In re Marriage of Sanchez & Sanchez-Ortega*, 2018 IL App (1st) 171075, ¶ 20 ("An appeal must be dismissed where [appellate] jurisdiction is lacking.").

¶ 52    If there has been resolution of these matters during the pendency of this appeal, we invite petitioner to file a timely petition for rehearing and to supplement the record with the relevant

circuit court orders which remove the impediment to our jurisdiction in this case. See *In re Marriage of Valkiunas and Olsen*, 389 Ill. App. 3d 965, 968 (2008). If the matters have not yet been resolved as of the issuance of this decision, petitioner will need to *timely* file a new notice of appeal after their resolution.

¶ 53    Finally, we preemptively advise the parties that failure to file a report of proceedings may result in any inadequacies of the record to be held against the appellant, whose burden it is to present a sufficiently complete record to support the arguments on appeal. See *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 2014 IL App (1st) 111290, ¶ 108; see also *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (where the record is incomplete to support a claim of error, we presume "that the order entered by the trial court was in conformity with [the] law and had a sufficient factual basis"). We note this because, in his brief, petitioner repeatedly references statements and arguments made during remote or in-person proceedings before the circuit court, none of which are relevant to the dismissal of this appeal, but which we cannot consider as we cannot ascertain the veracity or accuracy of petitioner's representations. As such, we emphasize the appellant's requirement to comply with our supreme court rules, including Illinois Supreme Court Rules 321 (eff. Oct. 1, 2021) and 323 (eff. July 1, 2017).

¶ 54                                III. CONCLUSION

¶ 55    For the reasons stated, we dismiss this appeal.

¶ 56    Appeal dismissed.